**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly,<br><br>    Plaintiff,<br><br>v.<br><br>I.Q. Data International, Inc., and<br><br>Liberty Mutual Insurance Company,<br><br>    Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><br>**OBJECTION TO<br>PRO HAC VICE ADMISSIONS OF<br>ATTORNEYS PAUL GAMBOA AND<br>KRISTA EASOM** |

Plaintiff Faith Stekly, by and through undersigned counsel, hereby respectfully objects to the pro hac vice admission of attorneys Mr. Paul Gamboa, Esq. and Krista Easom**,** Esq. who seek leave to appear in this matter on behalf of Defendant IQ Data International, Inc. (see ECF Nos. 28 & 29). This objection is submitted pursuant to the inherent authority of the Court to supervise the conduct of attorneys appearing before it and to safeguard the orderly administration of justice. Because the admission rule does not confer an entitlement to admission, the Court retains broad discretion to deny the application in the interest of orderly administration and professional standards.

## I.    LEGAL STANDARD

Local Rule 83.5(d) governs the pro hac vice admission of non-resident attorneys: "An attorney who does not represent the United States or one of its officers or agencies, who resides outside of Minnesota, and who is not admitted to practice before the Supreme Court of Minnesota may be permitted to appear before the court pro hac vice" only if, among other requirements, the nonresident attorney is "a member in good standing of the

bar of a federal district court other than this court." D. Minn. LR 83.5(d)(1). Additionally, "[a] member of the court's bar must move for the nonresident attorney's admission pro hac vice," and the motion must include "an affidavit signed by the nonresident attorney." D. Minn. LR 83.5(d)(3)(C)(ii).

Uptime Sys., LLC v. Kennard L., P.C., No. 20-CV-1597 (JRT/ECW), 2020 WL 13249087, at *5 (D. Minn. Nov. 25, 2020).

## II. GROUNDS FOR OBJECTION

### A. Repeated Sanctionable Conduct in Other Federal Courts Involving this Defendant and FDCPA Claims.

Mr. Gamboa and Ms. Easom have both recently appeared as defense counsel in litigation conduct deemed sanctionable by the court in two recent federal cases involving the same Defendant in this matter, I.Q. Data International, Inc. ("Defendant"). Given the complexity and potential scope of discovery in this matter, the risk of delay or obstruction arising from counsel with a documented pattern of discovery abuse is not speculative—it is real, recent, and material to how this case will proceed.

### 1. June 12, 2024 Sanctions Order in *Nelson v. IQ Data Int'l, Inc.*, No. 4:22-cv-12710 (E.D. Mich.)

On June 12, 2024, the United States District Court for the Eastern District of Michigan entered an order imposing sanctions against IQ Data International, Inc. for failing to comply with a prior discovery order. The Court found that the Defendant had violated its April 10, 2024, order compelling complete discovery responses, and held that Defendant's objections to fully responding had been waived. Attorneys Paul Gamboa and Krista Easom served as defense counsel for IQ Data International, Inc. in the *Nelson* matter.

The Court rejected a verbal request for protective relief made at the close of the hearing and it expressly warned Defendant that continued noncompliance with discovery obligations or court orders could result in more severe sanctions, including the entry of default judgment.

A true and correct copy of the Court's June 12, 2024 order is attached hereto as **Declaration of Peter F. Barry - Exhibit 1.**

## 2. January 28, 2025 Report and Recommendation (ECF No. 63)

More seriously, on January 28, 2025, Magistrate Judge Stafford issued a 37-page Report and Recommendation recommending that the Court strike Defendant's answer, enter default, and impose additional sanctions due to continued and escalating discovery violations. See Report and Recommendation, *Nelson v. IQ Data Int'l, Inc.*, No. 4:22-cv-12710, ECF No. 63 (E.D. Mich. Jan. 28, 2025), 2025 WL 3448466.

The Report and Recommendation exhaustively documents the discovery conduct of IQ Data and its attorneys over the course of nearly a year. The court found that IQ Data and its attorneys repeatedly disregarded court orders, provided shifting and misleading explanations, and refused to participate in discovery in good faith, including falsely claiming to lack access to records clearly within their control. Id. at *20–*25.

The Court characterized the defense strategy as "gamesmanship over cooperative and proper discovery" and cited repeated failures to identify class members, provide required financial disclosures, or participate meaningfully in court-ordered mediation. Id. at *29–*32.

Applying the Sixth Circuit's standard for dispositive sanctions, the Court found that all four factors were satisfied: (1) willful bad faith, (2) prejudice to the opposing party, (3) prior warnings of default, and (4) ineffectiveness of lesser sanctions. Id. at *28–*34. As a result, Judge Stafford recommended the most serious sanction available: striking the answer and entering default.

> Nelson has been prejudiced by having to seek court assistance to get I.Q. Data to answer a single question or produce a single document. Recall that I.Q. Data objected to every discovery request. **Warner steadfastly sought I.Q. Data's cooperation to get proper discovery responses, but Gamboa repeatedly waited until the eve of a status conference or a hearing to bother responding to Warner's inquiries**. And though the Court has ordered I.Q. Data to fully respond to discovery many times, it has still withheld discovery necessary for Nelson to identify its putative subclass. "It is in cases like this one, where the obstruction prevented the other party from accessing evidence needed to bring the case, that **default is most likely to be the appropriate sanction**." Grange Mut. Cas. Co., 270 F. App'x at 378; see also KCI, 801 F. App'x at 935."

Id. at *33 (emphasis added). A true and correct copy of the Court's January 28, 2025 order, which remains pending review by the district court following objections, is attached hereto as **Decl. Barry - Exhibit 2.**

3. **September 16, 2024 Sanctions Order in *Hesselbrock v. IQ Data International, Inc.*, No. 2:23-cv-02169 (C.D. Cal.)**

On September 16, 2024, the U.S. District Court for the Central District of California entered an order sanctioning IQ Data International, Inc. and awarding $25,770 in attorney's fees to Plaintiff Monique Hesselbrock. Attorneys Paul Gamboa and Krista Easom again served as defense counsel for IQ Data International, Inc. in the *Hesselbrock* matter, pro hac

vice. See *Hesselbrock v. IQ Data Int'l, Inc.*, No. 2:23-cv-02169-FLA (PVCx), 2024 WL 4375793 (C.D. Cal. Sept. 16, 2024). The court held in pertinent part:

> The "central purpose of [Fed. R. Civ. P.] 11 is to deter baseless filings in district court[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). To fulfill this purpose, "Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996).
>
> The court determined previously IQ Data's Motion for Sanctions (Dkt. 49) was frivolous because, among other things, **the motion lacked sufficient evidentiary basis and was "plainly undermined" by the record in the action. Dkt. 100 at 5–6. Further, IQ Data's "representation and characterization of the facts giving rise to the Motion [for Sanctions] [was] grossly misleading."** *Id.* **at 6. The facts alleged in IQ Data's Motion for Sanctions and the supporting declaration of its counsel misrepresented (and even contradicted) Plaintiff's deposition testimony, and relied on documents and testimony that "lacked any evidentiary value[.]"** *Id.* at 7.
>
> Accordingly, the court finds an award of fees incurred in opposing IQ Data's Motion for Sanctions is warranted because **IQ Data's Motion was meritless, not substantially justified, and resulted in an inefficient use of the court's time and resources.** *See* Fed. R. Civ. P. 11(c)(4) (sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation").

*Hesselbrock v. I.Q. Data Int'l, Inc.,* No. 2:23-CV-02169-FLA (PVCX), 2024 WL 4375793, at *1 (C.D. Cal. Sept. 16, 2024) (emphasis added; footnotes omitted). The Central District of California court then ultimately awarded $25,770 in attorney's fees and costs. *Hesselbrock*, 2024 WL 4375793, at *2. The Court's order in *Hesselbrock* is a clear and unequivocal finding of litigation abuse and improper motion practice in trying to defend this case.

A true and correct copy of the Court's September 16, 2024 order is attached hereto as **Decl. Barry - Exhibit 3.**

### B. Relevance to Pro Hac Vice Determination

Admission pro hac vice is a discretionary privilege, not a right.

> …[A]dmission of a non-resident attorney pro hac vice is a discretionary act under the rules of the United States District Court for the District of Minnesota, Local R. 1(D). It is well established that admission of an attorney to practice law is not a right but a privilege. *In re Snyder,* 472 U.S. 634, 105 S.Ct. 2874, 2881, 86 L.Ed.2d 504 (1985); *In re Belli,* 371 F.Supp. 111 (D.D.C.1974) appeal dismissed, sub. nom. *Belli v. Kelp,* No. 75–1275, D.C.Cir. Aug. 10, 1975. A United States District Court has authority to deny an attorney's application for admission when the court is not satisfied that he possesses good private and professional character, albeit he was previously admitted to practice in a state court. *In re GLS,* 745 F.2d 856 (4th Cir.1984). The U.S. Supreme Court has held that out of state attorneys do not have due process rights. *Leis v. Flynt,* 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979).

*United States v. Gorman*, 661 F. Supp. 1087, 1088 (D. Minn. 1987), *aff'd sub nom. United States v. Stelten*, 867 F.2d 446 (8th Cir. 1989).

Courts evaluating such pro hac vice motions may rightly consider whether the applicant's prior recent conduct suggests a risk of disruption to the orderly administration of justice in the current matter. The *Nelson* and *Hesselbrock* decisions reflect a continuing course of conduct that bears directly on whether these attorneys should be permitted to appear in this District.

> Federal courts have long had the authority to "establish criteria for admitting lawyers to argue before them." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 151, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). They have "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession." *Wheat*, 486 U.S. at 160, 108 S.Ct. 1692;

> *see Ries*, 100 F.3d at 1471 (courts may regulate attorneys appearing before them to "[e]nsur[e] the ethical and orderly administration of justice"); *see also In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." (citation omitted)). **Where an out-of-state attorney suggests through his behavior that he will not "abide by the court's rules and practices," the district court may reject his *pro hac vice* application. *Ries*, 100 F.3d at 1471.**

*In re Bundy,* 840 F.3d 1034, 1042 (9th Cir. 2016), *subsequent mandamus proceeding,* 852 F.3d 945 (9th Cir. 2017) (emphasis added).

Attorneys practicing before this Court, even on a pro hac vice basis, are required to comply with the Minnesota Rules of Professional Conduct. See D. Minn. LR 83.6(a). The conduct detailed in the *Nelson* and *Hesselbrock* matters—including repeated violations of court orders, misrepresentations to the court, and obstructionist litigation tactics—raises serious concerns about these attorneys' ability or willingness to adhere to those ethical standards. The rules governing professional conduct are not optional or jurisdiction-specific; they apply equally to nonresident attorneys seeking the privilege of participating in litigation before this Court.

Moreover, these findings are not isolated or stale. Each sanction was issued within the last 12 months, across two different federal jurisdictions, in FDCPA cases involving the same Defendant, and under the direct representation of Mr. Gamboa and Ms. Easom. The pattern of misconduct is recent, repeated, and directly relevant to the type of litigation at issue here. This is not a speculative objection based on vague reputational concerns—it is based on well-documented judicial findings that occurred in analogous proceedings,

involve identical counsel, and reflect a clear risk of disruption to this Court's administration of justice.

Plaintiff's objection is not about depriving Defendant of representation or limiting its ability to defend the case. On the contrary, Defendant is already represented by experienced, competent Minnesota-based counsel, Ms. Suzanne Jones, Esq. and Ms. Ashley Rae Everett, Esq. Instead, it concerns the importance of ensuring that any attorney granted the privilege of pro hac vice admission in this district will comply with the Federal Rules of Civil Procedure, adhere to this Court's orders, and meet the reasonable expectations of professionalism and candor that this Court and the local bar are entitled to expect from all appearing counsel. The recent decisions in *Nelson* and *Hesselbrock* do not reflect compliance with those expectations.

There will be no substantial hardship to Defendant if the pro hac vice motions are denied. Defendant is already represented by experienced Minnesota-licensed counsel who are admitted to practice before this Court and fully capable of handling all aspects of the litigation. The denial of pro hac vice admission to out-of-state attorneys does not impair Defendant's right to a defense or access to the courts; it merely ensures that those who appear before this Court are held to the standards of conduct expected in this District. Given the documented record of obstruction and delay, granting pro hac vice admission here risks burdening the Court and opposing counsel with precisely the same inefficiencies that prompted prior sanctions.

This objection is properly presented under the Court's inherent authority to supervise attorney conduct and in accordance with District of Minnesota Local Rule

83.5(d), which makes pro hac vice admission a discretionary privilege rather than a right. Although the rule does not set forth a formal procedure for opposing such motions, courts in this District have routinely recognized and considered objections raised by party litigants when they are grounded in documented concerns about prior misconduct or the orderly administration of justice. This filing constitutes a timely and appropriate response to the pending pro hac vice motions and is respectfully submitted for the Court's consideration.

## II.    REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1.    Deny the motions for admission pro hac vice of Paul Gamboa and Krista Easom (ECF Nos. 28 and 29), or

2.    In the alternative, require a hearing prior to admission to determine whether these attorneys' repeated misconduct in related FDCPA matters involving the same Defendant warrants denial of their application.

Respectfully submitted,

Dated: April 18, 2025

**THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**

Samuel A. Savage, Esq.
Attorney I.D.# 0395638

900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423
savage@savagewestrick.com

***Attorneys for Plaintiff***