**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly, | Case No.: 0:25-cv-00216-ECT-DLM |
| Plaintiff, | |
| v. | **IQ DATA INTERNATIONAL, INC.'S** *AMENDED* **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| IQ Data International, Inc., and Liberty Mutual Insurance Company, | |
| DefendantS. | |

Formatted: Font: Italic

IQ Data International, Inc. ("IQ Data" or "Defendant"), for its Answer to Plaintiff's First Amended Complaint ("the FAC"), states and alleges as follows:

Defendant presumes that all captions, titles, and headings in the FAC are intended to be non-substantive and do not require specific responses; to the extent they are intended to be substantive allegations, Defendant hereby denies all such assertions. Except as otherwise expressly admitted, qualified, or denied in this Answer, Defendant denies each and every allegation of the FAC.

**INTRODUCTION**

1. Paragraph 1 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant expressly denies violating the FDCPA.

1

2.      Defendant admits only that Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Defendant expressly denies that it violated any statutes or committed any wrongdoing.

## JURISDICTION

3.      Defendant admits that the FDCPA count of the FAC arises under the laws of the United States, but denies the alleged actions and omissions giving rise to Plaintiff's FDCPA claim, and denies that Plaintiff has suffered an injury in fact.

4.      Defendant admits only that IQ Data sometimes conducts business in this district. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 4, and on that basis denies same.

5.      Defendant denies the allegations in Paragraph 5 of the FAC.

6.      Defendant admits only that IQ Data sometimes conducts business in this district by contacting residents who owe debts to IQ Data's clients. Defendant denies the remaining allegations contained in Paragraph 6 of the FAC.

7.      Defendant admits only that it is licensed, and that IQ Data sometimes conducts business in this district by contacting residents who owe debts to IQ Data's clients. Defendant denies the remaining allegations contained in Paragraph 7 of the FAC.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the FAC, and on that basis denies the same.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC, and on that basis denies the same.

2

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC, and on that basis denies the same.

11.     Paragraph 11 of the Complaint contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant is not disputing venue at this time.

**PARTIES**

12.     Paragraph 12 of the Complaint contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the FAC, and on that basis denies the same.

13.     Defendant denies the allegations contained in Paragraph 13 of the FAC.

14.     Defendant admits that IQ Data's previous principal place of business was located at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021. Answering further, Defendant admits that IQ Data sometimes provides debt collection services. IQ Data denies the remaining allegations in Paragraph 14 of the FAC.

15.     Defendant admits the allegations in Paragraph 15 of the FAC.

16.     Defendant admits only that IQ Data sometimes uses the mail to collect debts. Answering further, Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's FAC.

17.     Paragraph 17 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant admits only

that IQ Data sometimes collects debts owed to IQ Data's clients. Answering further, Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's FAC.

18.    Defendant denies the allegations contained in Paragraph 18 of Plaintiff's FAC.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC, and on that basis denies the same.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC, and on that basis denies the same.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC, and on that basis denies same.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the FAC, and on that basis denies same.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the FAC, and on that basis denies same.

### FACTUAL ALLEGATIONS

24.    Paragraph 24 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant admits only that IQ Data contacted Plaintiff within the last year regarding a debt owed to IQ Data's client. Answering further, Defendant denies the remaining allegations contained in Paragraph 24 of the FAC.

25.    Defendant admits the allegations in Paragraph 25 of the FAC.

26.     Paragraph 26 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the FAC, and on that basis denies same.

27.     Defendant admits the allegations in Paragraph 27 of the FAC.

28.     Defendant admits only that Plaintiff is represented by counsel. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the FAC, and on that basis denies same.

29.     Defendant admits that it was authorized to collect the balance owed to IQ Data's client by Plaintiff.

*Defendants' Illegal Collection Calls*

30.     Defendant admits only that it placed a call on February 20, 2024, and requested a return call. Answering further, Defendant denies the remaining allegations in Paragraph 30 of the FAC.

31.     Paragraph 31 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the FAC, and on that basis denies same.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC, and on that basis denies same. Answering further, Plaintiff represented to the landlord that she was employed by International Paper.

5

33. Defendant admits only that it placed a call on February 20, 2024, and requested a return call. Answering further, Defendant denies the remaining allegations in Paragraph 33 of the FAC and states the call recording speaks for itself.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC, and on that basis denies same.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the FAC, and on that basis denies same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the FAC, and on that basis denies same.

37. Defendant denies the allegations in Paragraph 37 of the FAC.

38. Defendant admits only that Plaintiff called IQ Data on February 20, 2024. Answering further, Defendant denied the remaining allegations in Paragraph 38 of the FAC and states that the call recording speaks for itself.

39. Defendant lacks knowledge regarding when Plaintiff sent IQ Data the dispute letter. Answering further, Defendant admits that it received the dispute letter that was dated March 2, 2024, from Plaintiff and states that the letter speaks for itself.

40. Defendant admits only that it mailed a letter to Plaintiff dated March 18, 2024. Answering further, Defendant denies the remaining allegations in Paragraph 40 of the FAC and states that the letter speaks for itself.

41. Defendant denies the allegations in Paragraph 41 of the FAC.

42.    Defendant admits the allegations in Paragraph 42 but denies that IQ Data was not entitled to collect the debt and interest that accrued.

43.    Defendant denies the allegations in Paragraph 43 of the FAC.

44.    Defendant denies the allegations in Paragraph 44 of the FAC.

45.    Defendant denies the allegations in Paragraph 45 of the FAC.

46.    Defendant denies the allegations in Paragraph 46 of the FAC.

### *Additional Calls to Employer After Being Told to Stop*

47.    Defendant denies the allegations in Paragraph 47 of the FAC.

48.    Defendant denies the allegations in Paragraph 48 of the FAC.

49.    Defendant admits Plaintiff asked Defendant to stop calling her workplace. Defendant denies that it called Plaintiff after she asked Defendant to stop calling her workplace.

50.    Defendant admits only that it received a letter from Plaintiff dated March 2, 2024. Answering further, Defendant denies the remaining allegations in Paragraph 50 of the FAC and states that the letter speaks for itself.

51.    Defendant denies the allegations in Paragraph 51 of the FAC.

### *Defendant IQDI Falsely Credit Reports the Account and Adds Illegal Interest Charges*

52.    Defendant denies the allegations in Paragraph 52 of the FAC.

53.    Defendant denies the allegations in Paragraph 53 of the FAC.

54.    Defendant denies the allegations in Paragraph 54 of the FAC.

7

55.     Defendant denies the allegations in Paragraph 55 of the FAC.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the FAC, and on that basis denies same.

57.     Defendant denies the allegations in Paragraph 57 of the FAC.

58.     Defendant denies the allegations in Paragraph 58 of the FAC.

59.     Defendant denies the allegations in Paragraph 59 of the FAC.

60.     Defendant denies the allegations in Paragraph 60 of the FAC.

61.     Defendant denies the allegations in Paragraph 61 of the FAC.

62.     Defendant denies the allegations in Paragraph 62 of the FAC.

63.     Defendant denies the allegations in Paragraph 63 of the FAC.

64.     Defendant admits the allegations in Paragraph 64 of the FAC.

65.     Defendant denies the allegations in Paragraph 65 of the FAC.

66.     Defendant denies the allegations in Paragraph 66 of the FAC.

67.     Defendant denies the allegations in Paragraph 67 of the FAC.

68.     Defendant denies the allegations in Paragraph 68 of the FAC.

69.     Defendant denies the allegations in Paragraph 69 of the FAC.

70.     Defendant denies the allegations in Paragraph 70 of the FAC.

71.     Defendant denies the allegations in Paragraph 71 of the FAC.

72.     Defendant denies the allegations in Paragraph 72 of the FAC.

***Defendant Liberty Mutual Insurance Company***

73.     Defendant admits only that Liberty Mutual issues a surety bond. Answering further, the remaining allegations in Paragraph 73 of the FAC are legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, IQ Data lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 73, and on that basis denies the same.

74.     Defendant admits only that Liberty Mutual issued a surety bond. Answering further, the remaining allegations in Paragraph 74 of the FAC are legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, IQ Data lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 73, and on that basis denies the same.

75.     Defendant admits only that Liberty Mutual issued a surety bond and states that the document speaks for itself.

76.     Defendant denies the allegations in Paragraph 76 of the FAC.

77.     Defendant denies the allegations in Paragraph 77 of the FAC.

78.     Defendant admits only that Liberty Mutual issued a surety bond. Answering further, the remaining allegations in Paragraph 78 of the FAC are legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, IQ Data lacks sufficient knowledge to admit or deny the allegations in Paragraph 78 and on that basis denies same.

9

79.     Paragraph 79 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the FAC, and on that basis denies same.

80.     Defendant denies that there are any violations by Defendant, denies that there are any damages caused by Defendant, denies that there is any obligation for Liberty Mutual to pay at this point and denies the remaining allegations in Paragraph 80 of the FAC.

81.     Defendant denies that there are any violations by Defendant, denies that there are any damages caused by Defendant, and denies that there is any obligation for Liberty Mutual to pay at this point. Defendant admits only that Plaintiff is seeking the recovery described in this Paragraph and denies the remaining allegations in Paragraph 81 of the FAC.

### *Plaintiff has Suffered Concrete Harm*

82.     Defendant denies the allegations in Paragraph 82 of the FAC.

83.     Defendant denies the allegations in Paragraph 83 of the FAC.

84.     Defendant denies the allegations in Paragraph 84 of the FAC.

85.     Defendant denies the allegations in Paragraph 85 of the FAC.

86.     Defendant denies the allegations in Paragraph 86 of the FAC.

87.     Defendant denies the allegations in Paragraph 87 of the FAC.

88.     Defendant denies the allegations in Paragraph 88 of the FAC.

89.     Defendant denies the allegations in Paragraph 89 of the FAC.

90.    Defendant denies the allegations in Paragraph 90 of the FAC.

91.    Defendant denies the allegations in Paragraph 91 of the FAC.

92.    Defendant denies the allegations in Paragraph 92 of the FAC.

93.    Defendant denies the allegations in Paragraph 93 of the FAC.

94.    Defendant denies the allegations in Paragraph 94 of the FAC.

*Summary*

95.    Defendant denies the allegations in Paragraph 95 of the FAC.

96.    Defendant denies the allegations in Paragraph 96 of the FAC.

97.    Defendant denies the allegations in Paragraph 97 of the FAC.

98.    Defendant denies the allegations in Paragraph 98 of the FAC.

99.    Defendant denies the allegations in Paragraph 99 of the FAC.

*Respondeat Superior Liability*

100.    Defendant admits the allegations in Paragraph 100 of the FAC.

101.    Defendant denies the allegations in Paragraph 101 of the FAC.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the FAC, and on that basis denies same.

103.    Defendant denies the allegations in Paragraph 103 of the FAC.

**TRIAL BY JURY**

104.    Defendant admits only that Plaintiff demands a trial by jury.

11

## CAUSES OF ACTION

### COUNT I.

### VIOLATONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

105.    Defendant restates its responses to Paragraphs 1 through 104 as though they are fully set forth herein.

106.    Defendant denies the allegations in Paragraph 106 of the FAC.

107.    Defendant denies the allegations in Paragraph 107 of the FAC.

### COUNT II.

### FRAUD

108.    Defendant restates its responses to Paragraphs 1 through 107 as though they are fully set forth herein.

109.    Paragraph 109 of the FAC contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant denies that IQ Data's debt collectors violated the FDCPA, any other statute, or any common law claim.

110.    Defendant denies the allegations in Paragraph 110 of the FAC.

111.    Defendant denies the allegations in Paragraph 111 of the FAC.

112.    Defendant denies the allegations in Paragraph 112 of the FAC.

113.    Defendant denies the allegations in Paragraph 113 of the FAC.

114.    Defendant denies the allegations in Paragraph 114 of the FAC.

115.    Defendant denies the allegations in Paragraph 115 of the FAC.

116.    Defendant denies the allegations in Paragraph 116 of the FAC.

117.    Defendant denies the allegations in Paragraph 117 of the FAC.

118.    Defendant denies the allegations in Paragraph 118 of the FAC.

119.    Defendant denies the allegations in Paragraph 119 of the FAC.

120.    Defendant denies the allegations in Paragraph 120 of the FAC.

**Count III.**

**PUNITIVE DAMAGES PURSUANT TO MINN. STAT. §549.20**

121.    Defendant restates its responses to Paragraphs 1 through 120 as though they are fully set forth herein.

122.    Defendant denies the allegations in Paragraph 122 of the FAC.

123.    Defendant denies the allegations in Paragraph 123 of the FAC.

**<u>PRAYER FOR RELIEF</u>**

Defendant denies that Plaintiff is entitled to any relief, including the relief requested in the above prayer for relief, bullet points (1) through (10), inclusive.

13

### AFFIRMATIVE DEFENSES

Defendant, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's First Amended Complaint, for its Affirmative Defenses hereby state as follows.

### FIRST AFFIRMATIVE DEFENSE

Defendant substantially complied in good faith with all applicable provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and is entitled to each and every defense afforded to it by the FDCPA. Specifically, if Defendant committed any violation of the FDCPA, which is expressly denied, it was the result of a bona fide error under 15 U.S.C. § 1692k(c), notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### ~~THIRD AFFIRMATIVE DEFENSE~~

~~Any recovery to Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.~~

### ~~FOURTH~~ THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

14

## ~~FIFTH~~ FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to mitigate her damages. *See, e.g. Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

## ~~SIXTH~~ FIFTH AFFIRMATIVE DEFENSE

To the extent Defendant has made any misrepresentation, which is expressly denied, it was not a "material" false or misleading statement; therefore, Plaintiff's alleged claim is not actionable under the FDCPA. *Hahn v. Triumph Partnerships, LLC*, 557 F. 3d 755 (7th Cir. 2009); Donohue v. Quick Collect, Inc., 592 F. 3d 1027 (9th Cir. 2010).

## ~~SEVENTH~~ SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an actionable claim under the FDCPA, her entitlement to statutory damages is capped at $1,000.00 per action, not per violation. *Conner v. Howe*, 344 F. Supp. 2d 1164, 1170 (S.D. Ind. 2004).

**WHEREFORE**, having answered Plaintiff's First Amended Complaint, Defendant respectfully requests that all claims be dismissed and that judgment be entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

### *JURY DEMAND*

Defendant demands a trial by a jury on all issues triable by a jury.

GORDON REES SCULLY MANSUKHANI, LLP

15

Dated:  ~~March 13~~, 2025                        /s/ *~~Suzanne L. Jones~~DRAFT*

Suzanne L. Jones (#389345)
Ashley Rae Everett (#0402661)
80 South 8th Street, Suite 3850
Minneapolis, MN  55402
P:  612-382-0625
sljones@grsm.com
aeverett@grsm.com
**Counsel for Defendant IQ Data Int'l., Inc.**

16