**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly,<br><br>        Plaintiff,<br><br>v.<br><br>I.Q. Data International, Inc., and<br><br>Liberty Mutual Insurance Company,<br><br>        Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><br>**MEMORANDUM OF LAW** |

## I.    INTRODUCTION

Plaintiff Faith Stekly, by and through her undersigned counsel, respectfully submits this Memorandum of Law in support of her Motion to Amend the Amended Complaint (ECF #9) pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff seeks to amend the Complaint to include an additional claim for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq). This amendment is timely, will not prejudice the Defendants, and is supported by sufficient factual allegations.

## II.    BACKGROUND

This case arises out of Defendant I.Q. Data International, Inc.'s violations of Plaintiff's rights under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff filed the original Complaint (ECF #1) alleging violations of federal and state laws arising from Defendant IQ Data's collection misconduct, and a First Amended Complaint (ECF #9) adding a claim for punitive damages and Defendant Liberty Mutual Insurance as a surety

for its collection conduct. Through ongoing investigation and review of just produced evidence, Plaintiff has identified additional violations of the FDCPA applicable to the Defendants, including additional, factually distinct violations of by Defendant IQ Data's debt collectors during collection calls with Plaintiff and others. These violations warrant the proposed amendment to include these claims.

This motion to amend is made early in the litigation, as discovery has just commenced between the parties, and is timely made before the May 28, 2025, amendment deadline in the Court's Pretrial Scheduling Order (ECF #38). The facts giving rise to the proposed FDCPA claims are the same as those underlying the existing claims, demonstrating that the amendment is not futile. Moreover, allowing this amendment will not prejudice Defendants, as they are already on notice of the core factual allegations and claims at issue in this case.

<b><u>ARGUMENT</u></b>

## I.     LEGAL STANDARD FOR AMENDMENTS

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that this mandate is to be heeded and that leave to amend should be granted absent any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182

(1962).  One Court in this District, in upholding a Magistrate Judge's order permitting the amendment of a complaint, explained the relevant standards this way:

> Rule 15 "requires the court to 'freely give leave' to amend 'when justice so requires.' " *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). "A motion to amend *may* be denied for compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 613 (emphasis added) (citations and internal quotation marks omitted). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (internal quotation marks omitted). When a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's determination of the issue, the district court's review is *de novo.* LR 72.2(a)(3).
>
> Here, the magistrate judge granted National Union's motion to amend its answer, concluding that the amendment was not futile and good cause existed for National Union to do so. After conducting a *de novo* review, the Court agrees. National Union's amendment is not futile. National Union has met the pleading standards as established by the Federal Rule of Civil Procedure, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Moreover, many of Cargill's futility arguments pertain to the weight of the facts alleged in the case. At this stage in the proceedings, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). As such, the Court concludes that National Union's amendment is not futile.
>
> Having determined that the amendment is not futile, the Court next considers whether good cause exists to change the Court's scheduling order and allow National Union to amend its answer. The moving party must demonstrate good cause in order to amend a pleading. Fed. R. Civ. P. 16(b)(4). When assessing good cause, the moving party's diligence in attempting to abide by the scheduling order's timelines is the prominent consideration. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). A change in the law, newly discovered facts, or other changed circumstances may constitute good cause to amend a scheduling order. *Id.* at 718.
>
> Cargill contends that National Union has not met the good-cause requirement because National Union had the relevant documents to make a counterclaim.

National Union claims that it received the documents for the counterclaim when discovery was provided in December 2022 and January 2023. The magistrate judge concluded that National Union has diligently pursued this information throughout the claims adjudication process and that both parties are arguing for their positions in good faith. Having reviewed the record, the Court agrees. Good cause existed to modify the scheduling order. The magistrate judge's decision was neither clearly erroneous nor contrary to law.

*Cargill, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* No. 21-CV-2563 (WMW/DTS), 2023 WL 6285182, at *2–3 (D. Minn. Sept. 27, 2023).

## II.   PROPOSED AMENDMENT IS TIMELY AND WILL NOT PREJUDICE THE DEFENDANTS

Plaintiff's motion to amend is made fairly early in this litigation as parties have only recently served their first rounds of discovery. No depositions have been taken. No dispositive motions have been heard, and the discovery period is ongoing. The proposed amendment will not require any extension of the discovery period or cause any undue delay in the proceedings. Courts within the Eighth Circuit have recognized that early amendments, especially those made before the close of discovery, are generally not prejudicial.

> A trial court's decision whether to permit an amendment of the pleadings is reviewed by this court for an abuse of discretion. *See Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989). Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings and the rule declares that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a) (1999). Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial. *See Thompson–El,* 876 F.2d at 67. The classic "good reasons" for rejecting an amendment are: "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment ...." *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

*Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000). In this instance, there is no undue delay, bad faith, dilatory motive, failures to cure, undue prejudice, or futility.  This amendment should therefore be granted as a matter of course.

## III.   PROPOSED AMENDMENT IS NOT FUTILE AND IS SUPPORTED BY SUFFICIENT FACTS

An amendment is considered futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). The proposed Second Amended Complaint alleges specific instances where Defendant IQ Data's collectors violated the FDCPA by illegally contacting her employer and making various false and deceptive in a further attempt to collect this debt.  See *Proposed Second Amended Complaint*. These allegations, taken as true, sufficiently state a claim under the FDCPA.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

In this case, Plaintiff has met her burden and shown good cause.  Plaintiff has alleged in her proposed Second Amended Complaint that Defendant IQ Data illegally

attempted to collect this debt in violation of the FDCPA.  The proposed amendments are not futile, they are entirely plausible, and therefore leave to Amend should be granted.

## IV.    LEAVE TO AMEND SHOULD BE FREELY GIVEN IN THE INTEREST OF JUSTICE

In accordance with Rule 15(a)(2) and the liberal amendment policy it embodies, courts routinely grant leave to amend when justice so requires. Given the early stage of the proceedings, the absence of prejudice to the Defendants, and the sufficiency of the factual allegations supporting the FDCPA claims, Plaintiff respectfully submits that leave to amend should be granted.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Faith Stekly respectfully requests that the Court grant her Motion to Amend her Amended Complaint (ECF #9) to include additional claims for violations of the FDCPA, as shown in the of the Proposed Second Amended Complaint filed herewith as Exhibits (**ECF Nos. 45-1-CLEAN and 45-2 REDLINES**).

Respectfully submitted,

Dated: May 14, 2025

**THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**
Samuel A. Savage, Esq.

- 7 -

Attorney I.D.# 0395638
900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423

***Attorneys for Plaintiff***