**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly,<br><br>     Plaintiff,<br><br>v.<br><br>I.Q. Data International, Inc., and<br><br>Liberty Mutual Insurance Company,<br><br>     Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><br>**MEMORANDUM OF LAW** |

## I.    Introduction.

This is a consumer protection case arising under the Fair Debt Collection Practices Act. Plaintiff alleges that Defendant attempted to collect a disputed residential debt after receiving a written cease communication request and charged unauthorized interest on the alleged balance. The case centers on whether Defendant's conduct violated federal law, state interest rate law, and whether it continued collection efforts that it was legally obligated to stop.

## II.    The Instant Motion.

Plaintiff now respectfully moves the Court for an order compelling Defendant I.Q. Data International, Inc. to fully respond to the requests for production of documents and the interrogatories served in this matter. Defendant's responses are legally deficient and fail to satisfy its obligations under the Federal Rules of Civil Procedure. This motion to compel is brought pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, as well

as in compliance with Local Rules 7.1 and 37.1. Plaintiff's counsel has engaged in good faith efforts to resolve the deficiencies informally, but those efforts have not resulted in compliance with respect to these requests.

**III.    Relevant Timeline.**

- Plaintiff served interrogatories and request for production of documents on Defendant on March 29, 2025.

- Defendant served its initial responses to these interrogatories and request for production on April 28, 2025.

- Plaintiff's counsel sent a detailed written document to Defendant's counsel  outlining each of the discovery requests that  were improperly objected to or non-responsive on May 30, 2025.

- After a series of meet and confer attempts and held thereafter, the Court set a discovery status conference on July 1, 2025. ECF #58.

- The Court then issued an order in relevant part that the parties were to fully meet and confer in an effort to narrow the areas of dispute on July 1, 2025.  ECF #59.

- Plaintiff and Defendant then met via telephone in a good faith effort to narrow the issues and areas of dispute on July 9, 2025.

- Defendant thereafter produced a detailed written response to each the remaining discovery requests in dispute, which is reflected in **Exhibit A**, on July 10, 2025.

- Defendant served amended responses to Plaintiff's Requests for Production of Documents on July 11, 2025.

- Plaintiff carefully reviewed Defendant written responses and further narrowed the scope of the disputed requests.

## IV.   Plaintiff's Agreements and Limitations to Narrow Areas of Dispute.

During the  July 9, 2025 meet and confer, Plaintiff agreed to clarify and limit the definition of "You" in the discovery requests to expressly exclude Defendant's attorneys, in order to eliminate the need for a privilege log identifying routine attorney-client communications. This agreement was intended to streamline discovery and avoid unnecessary disputes over clearly privileged materials.

Despite this concession, Defendant has not produced a privilege log of any kind in response to the requests where it has objected on the basis of other privileges or trade secrets such as its claimed "insurer-insured" privilege. The failure to produce even a minimal privilege log deprives Plaintiff and the Court of any ability to assess the validity or scope of the asserted privilege and violates the requirements of Rule 26(b)(5).

In addition, at the outset each of the original discovery requests at issue were temporally limited to three years preceding the filing of the lawsuit, unless the specific request expressly stated a different timeframe. This limitation was applied to ensure that the requests remained proportional and targeted to the relevant period of alleged misconduct.

## V.   Exhibit A – Remaining Discovery Subject to Motion to Compel.

Pursuant to LR 37.1, attached to this memorandum as **Exhibit A** is a fully integrated document that compiles:

- each discovery request at issue;

- Defendant's original response and objections;

- any changes or clarifications subsequently proposed by Defendant;

- respective legal positions of each party;

- and, specific relief sought.

Each of these discovery items contained within Exhibit A remain in dispute and are respectfully submitted for the Court's resolution. **Declaration of Peter F. Barry, ¶2 – Exhibit A.**

The discovery requests at issue are directed to key factual matters that go to the heart of the claims and defenses in this case, including the Defendant's communications with Plaintiff, the basis for the amounts demanded, Defendant's internal procedures, and other proceedings in which Defendant has been accused of similar conduct. These requests fall well within the scope of permissible discovery under Rule 26(b)(1), as they are relevant to the claims and defenses and are proportional to the needs of the case.

In response to the interrogatories and requests for production, Defendant has asserted boilerplate objections, refused to provide substantive answers, and in many instances claimed that commonly understood terms are vague, ambiguous, or overbroad. These objections are not valid under Rule 33 or Rule 34, and Defendant has not carried its burden under Rule 26 to justify withholding information. The information sought is narrowly tailored, largely in Defendant's control, and poses no undue burden or expense.

### VI.    Complete Failure to Verify and Serve Amended Interrogatory Responses.

The Federal Rules of Civil Procedure require that interrogatory responses be verified by the party providing them. Specifically, Rule 33(b)(3) mandates that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Furthermore, Rule 33(b)(5) requires that the person who makes the answers must sign them. *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, E.D.Pa.2008, 250 F.R.D. 203 (party who verifies answers to interrogatories must provide verification stating that to the best of his or her knowledge, information, and belief, answers provided are true and correct); *Cabales v. U.S.*, S.D.N.Y.1970, 51 F.R.D. 498, affirmed 447 F.2d 1358 (unsigned and unverified writing did not qualify as an answer to interrogatory). This verification is essential to ensure that the responses reflect the sworn knowledge of the party and not merely the unsworn assertions of counsel. In this case, Defendant has failed to provide any verified amended responses, signed or unsigned, in violation of Rule 33, thereby depriving Plaintiff of the ability to rely on those proposed answers as formal, binding admissions.

Despite repeated assurances in Exhibit A from defense counsel, Paul Gamboa, Esq. that amended responses to Plaintiff's interrogatories would be forthcoming, no such amended responses have ever been served. Throughout the meet-and-confer process and as reflected in the integrated Exhibit A, Defendant has repeatedly represented that "**The amended, unverified response is with Defendant for further review and verification.**" This phrase appears multiple times in lieu of a substantive update. Yet to date, no verified or amended interrogatory responses have been served—despite the fact that these disputes

have been raised in detail and in writing since May 30, 2025, at various meet and confers in June and July 2025, and at the July 1, 2025 status conference.

Defendant's continued delay and failure to follow through on these commitments has left Plaintiff without the discovery needed to prosecute her claims and warrants judicial intervention. Defendant appears to be attempting to run out the clock by repeatedly delaying its responses and failing to provide complete or verified answers, seemingly in an effort to avoid producing documents or offering proper interrogatory responses within the discovery period. This pattern of delay undermines the discovery process and prejudices Plaintiff's ability to prepare the case.

## VII.   "Investigation continues."

Defendant's use of the phrase "investigation continues" in response to many of discovery requests is improper under the Federal Rules of Civil Procedure. Rule 33 requires that interrogatories be answered fully and under oath based on all information reasonably available to the responding party at the time the response is served. Similarly, Rule 34 requires a complete production or a specific objection. A vague assertion that an "investigation continues" fails to satisfy these obligations because it neither provides a substantive response nor identifies what information is being withheld or why. Courts routinely hold that such noncommittal language is evasive and tantamount to no response at all.

> "[An answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and

-6-

providing the responsive, relevant facts reasonably available to him." *Lopez*, 327 F.R.D. at 579 (cleaned up).

*VeroBlue Farms USA Inc. v. Wulf,* 345 F.R.D. 406, 438 (N.D. Tex. 2021). If Defendant lacks sufficient information to respond, it must affirmatively state that it has conducted a reasonable inquiry and is unable to answer, rather than reserving the right to supplement indefinitely without justification.

### VIII.   Categories of Continued Discovery Refusal by Defendant.

Defendant has continued to withhold production of its insurance agreements and related documents, despite their clear relevance under Rule 26(a)(1)(A)(iv) and the Court's July 1, 2025 order. ECF #59.

In addition, Defendant has refused to identify the individual employees involved in the collection of Plaintiff's account, the handling of Plaintiff's dispute, and the furnishing of credit information related to the alleged debt. These omissions obstruct basic discovery into who performed the actions at issue and whether coverage may exist for the alleged misconduct.

During the meet-and-confer process on July 9, 2025, Defendant's counsel, Mr. Gamboa, stated unequivocally that Defendant would withhold all interrogatory responses and documents related to several categories of information unless compelled by court order. These "off-limits" categories included:

- prior lawsuits involving similar allegations;

- internal policies and procedures governing debt collection practices;

- training materials provided to collection employees; and

- other documents reflecting Defendant's internal practices, such as when and how it decides it may collect pre-judgment interest.

Defendant's categorical refusal to produce any materials in these areas, despite their clear relevance to this case, has necessitated this motion.

Put simply, Plaintiff is entitled to discover whether this Defendant operates its business in willful violation of the FDCPA and whether it has been previously sued by others for engaging in the same or similar conduct. Willfulness is directly relevant to the issue of punitive damages under Minnesota law, statutory damages under the FDCPA (frequency and nature of non-compliance), and evidence of pattern and practice is highly probative of the validity of Defendant's asserted bona fide error defense.

## IX.    Award of Fees.

Plaintiff respectfully requests an award of attorneys' fees and costs incurred in bringing this motion pursuant to Rule 37(a)(5). Defendant's refusal to provide complete and verified responses, its reliance on boilerplate and unsupported objections, and its categorical withholding of clearly discoverable information forced Plaintiff to seek the Court's intervention. Plaintiff made multiple good faith efforts to resolve these disputes without court involvement, but Defendant failed to correct its deficiencies or produce the required discovery. Under Rule 37, where a motion to compel is granted—or where the requested discovery is provided only after the motion is filed—the Court must require the noncompliant party to pay the movant's reasonable expenses unless the noncompliance was substantially justified or other circumstances make an award unjust. No such justification exists here. Defendant's conduct has multiplied the time and expense of

discovery, and an award of fees is necessary to compensate Plaintiff for the costs imposed by Defendant's obstruction.

## X.      Relief Sought.

Plaintiff respectfully requests the following relief from the Court:

- An order compelling Defendant to serve full and complete responses to:

  - Interrogatories 2-5, 8-19, 21-26, and 28-50, and

  - Requests for Production of Documents 3, 5, 11, 13-14, 19, 22, 25, 31-32, 34, 37, 40, 43, and 47

  in Exhibit A, without further objection except as to properly asserted privilege.

- An order requiring that any claims of privilege be supported by a timely and compliant privilege log in accordance with Rule 26(b)(5).

- An order requiring that all interrogatory responses be verified and signed by Defendant, as required by Rule 33(b)(5).

- An order directing Defendant to serve the above discovery responses within fourteen (14) days of the Court's order.

- An award of Plaintiff's reasonable expenses, including attorneys' fees, incurred in bringing this motion, pursuant to Rule 37(a)(5).

## XI.   Conclusion.

Courts have repeatedly held that parties may not rely on formulaic or unsupported objections to avoid discovery. Where terms have well-established legal definitions or are used in the context of a specific statute, such as the FDCPA, an objection based on

vagueness is improper. Defendant's failure to respond meaningfully has prejudiced Plaintiff's ability to prepare the case and evaluate potential dispositive issues. Plaintiff respectfully requests that the Court compel Defendant to fully and substantively answer each of the discovery requests identified in Exhibit A within fourteen days, without objection except as to privilege—and then only if an appropriate privilege log is provided. Plaintiff also requests an award of reasonable expenses, including attorney's fees, incurred in making this motion, pursuant to Rule 37(a)(5), as Defendant's refusal to cooperate in discovery was not substantially justified. For the reasons set forth above and as detailed further in **Exhibit A**, Plaintiff respectfully asks the Court to grant this motion in full.

Respectfully submitted,

Dated: July 22, 2025

**THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**

Samuel A. Savage, Esq.
Attorney I.D.# 0395638
900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423
savage@savagewestrick.com

*Attorneys for Plaintiff*