# EXHIBIT A

## EXHIBIT A

## RESPONSES TO REQUEST FOR PRODUCTION REQUIRING

## SUPPLEMENTATION

**REQUEST 3. Produce all documents and communications between You and any consumer reporting agency, including Trans Union, Experian, and Equifax, concerning Plaintiff and/or the alleged debt.**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control.

**Defendant's Post Meet and Confer Positions: Defendant has amended its response to read as follows "IQ Data objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. Subject to and without waiving said objections, non-privileged, responsive documents are attached; specifically, IQD0001-0004." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

- 1 -

**EXHIBIT A**

**Plaintiff's Legal Arguments:** This request targets communications between Defendant and any consumer reporting agency concerning Plaintiff. Such documents are critical to Plaintiff's claims under 15 U.S.C. § 1692e(8), which prohibit furnishing inaccurate or misleading information to a credit bureau. These materials are uniquely within Defendant's possession and will show whether and when Plaintiff's account was reported, whether disputes were properly conveyed, and whether Defendant continued reporting after receiving notice of Plaintiff's dispute. Objections based on relevance, burden, or confidentiality are baseless; these communications form the factual backbone of some of the FDCPA claims.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all communications between itself and any consumer reporting agency referencing or relating to Plaintiff or the debt alleged in the Complaint, including electronic tradeline data, dispute codes, ACDV or AUD forms, and any other related records.

**REQUEST 5. Produce all complaints filed against You with any of the following: the Consumer Financial Protection Bureau, the Office of the Comptroller of the Currency, any state Attorney General's office, and any other state or federal debt collection regulating body—alleging a violation of any consumer protection law.**

> RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise

**EXHIBIT A**

constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.  IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Request to the extent it seeks the production of materials protected by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff seeks documentation related to prior legal actions or complaints accusing Defendant of FDCPA violations or the unlawful collection of interest. These documents are highly relevant under multiple provisions of the FDCPA, particularly 15 U.S.C. § 1692k(b)(1), which makes the frequency and persistence of noncompliance, the nature of noncompliance, and prior similar conduct factors in determining statutory and punitive damages. They also go to issues of notice, recklessness,

- 3 -

**EXHIBIT A**

willfulness, and corporate policies. If Defendant has previously been accused of the same or similar conduct, that history is relevant to show pattern and practice, to rebut any claim that a violation was accidental or isolated, and to establish whether the company has corrected—or failed to correct—known violations of law. This type of pattern evidence is routinely ordered in discovery and is not protected by privilege merely because it reflects litigation history. The request is properly limited to lawsuits, regulatory actions, and complaints involving unauthorized interest or FDCPA claims—categories that directly overlap with the allegations in this case. Defendant's objections based on vagueness, burden, and privilege are meritless. The request is not ambiguous: it clearly targets cases where Defendant was accused of violating the FDCPA or unlawfully collecting interest. Moreover, this information is readily accessible to Defendant through internal legal tracking systems, insurance reporting files, or prior discovery logs. Any confidentiality concerns (e.g., settlements or litigation files) are fully addressed by the protective order already entered in this matter.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all complaints filed by consumers or submitted to any regulatory agency (including the CFPB, FTC, state attorneys general, or BBB) that allege FDCPA violations, unauthorized interest charges, or related collection misconduct within the last three years.

**REQUEST 11. Produce all documents summarizing, describing, instructing, or otherwise training Your employees or agents in the following areas:**

    **a. collection policies;**

    **b. collection procedures;**

- 4 -

**EXHIBIT A**

**c. collection methods;**

**d. collection techniques;**

**e. collection tactics;**

**f. collection rules;**

**g. collection regulations;**

**h. compliance with any local, state, or federal consumer law.**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work- product doctrine.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.  To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Request to the extent the instant request calls for the production of records that are protected**

- 5 -

**EXHIBIT A**

**from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine."** **If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks all training, instructional, or policy documents provided to Defendant's employees and agents concerning debt collection practices and legal compliance. These materials are critically relevant to multiple aspects of Plaintiff's claims. If Defendant contends that any FDCPA violation occurred despite reasonable efforts to comply with the law, then its training programs and policies are directly relevant to the potential application of the bona fide error defense under 15 U.S.C. § 1692k(c). That defense requires Defendant to prove that violations occurred "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The categories of training listed—ranging from collection techniques to federal compliance—go to the heart of how Defendant instructs its staff to interact with consumers. These materials are also probative of intent, recklessness, pattern or practice, and punitive damages. For example, training that omits required disclosures, encourages post-dispute collection, or misstates legal obligations could show systemic violations or a disregard for consumer rights. Courts routinely compel production of such materials in FDCPA cases. Defendant's objections regarding overbreadth and trade secrets are not persuasive. The request is properly tailored to training and compliance content. The protective order already entered in this case addresses any legitimate confidentiality concerns. Defendant is a sophisticated corporate

- 6 -

**EXHIBIT A**

collector that likely maintains standardized, accessible training materials, such as PowerPoints, handbooks, orientation modules, and online certifications, all of which are subject to production.

**Defense position:** This request goes beyond the scope of discovery as broadly defined in Rule 26 of the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ***and*** proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even when the discovery is relevant, it "is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

While IQ Data is aware a Protective Order has been entered in this case, the information sought herein is commercially sensitive and/or irrelevant to whether IQ Data violated the FDCPA. In other words, the potential harm that it could suffer by way of the inadvertent disclosure of trade secrets far outweigh any possible benefit that could inure to Plaintiff. *See In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir.1991) ("Rule ... 26(c)[ (1)(G)

**EXHIBIT A**

] anticipates that in certain cases, discovery of trade secrets should either be limited or not permitted.").

Additionally, both Washington and Minnesota legislators have expressly provided companies such as IQ Data with avenues for protecting such information. *See* the Washington Uniform Trade Secrets Act (at RCW 19.108; *see also Rhinehart v. Seattle Times Co.*, 98 Wash. 2d 227, 236 (1982) as well the Minnesota Mnnesota Uniform Trade Secrets Act. Minn. Stat. § 325C.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all training manuals, policy documents, instructional guides, memoranda, handbooks, and employee-facing presentations that summarize, describe, or instruct agents or staff on debt collection practices or compliance with any state or federal consumer protection laws, including but not limited to the FDCPA, FCRA, and applicable state statutes. Production should include materials used at any time during the period relevant to Plaintiff's claims.

**REQUEST 13. Produce all collection software manuals, system guides, or user references for any software or platform used by You to collect debts.**

> RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the

**EXHIBIT A**

attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine.

**Defendant's Post Meet and Confer Positions: Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff seeks production of manuals, guides, and reference materials for the software platforms and systems used by Defendant to collect debts. These documents are crucial for understanding how Defendant's systems operate, how data is recorded or suppressed, and whether those systems are configured to comply with the Fair Debt Collection Practices Act (FDCPA) and Fair Credit Reporting Act (FCRA). For example, such guides may reveal whether Defendant's software automatically suppresses collection activity after receipt of a cease communication request or whether there are system fields for dispute flags under 15 U.S.C. §§ 1692c(c) and 1692e(8). System documentation is especially relevant where Plaintiff alleges post-dispute collection, unlawful interest accrual, and inaccurate credit reporting. Without access to these materials, Plaintiff cannot assess whether Defendant's systems were capable of complying

- 9 -

**EXHIBIT A**

with federal law—or whether they were misused or misconfigured in a way that led to violations. These documents may also show the degree of manual control collectors have over reporting and contact fields, which is directly relevant to willfulness and negligence. Defendant's objections on grounds of trade secret and burden are unfounded. First, this request is narrowly tailored to guides and manuals, not source code or development-level materials. Second, any legitimate confidentiality concerns are already addressed by the protective order on file. These materials are commonly produced under protective orders in consumer litigation and are critical to evaluating systemic practices.

**Defense position:** Same as Request #11 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all training manuals, user guides, system documentation, or reference materials describing how its debt collection software platforms function—specifically those used to manage Plaintiff's account, initiate collection activity, record disputes, generate letters, or furnish data to credit reporting agencies. Production should include current and archived versions in use during the period relevant to Plaintiff's claims.

**REQUEST 14. Produce all documents referring to or describing any lawsuits, claims, complaints, or formal proceedings in which You have been accused of collecting unauthorized interest or violating the FDCPA.**

>    RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses

**EXHIBIT A**

and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work- product doctrine.

**Plaintiff's Legal Arguments:** Request No. 14 seeks documents that refer to or describe prior lawsuits, complaints, or formal proceedings in which Defendant has been accused of either collecting unauthorized interest or violating the Fair Debt Collection Practices Act (FDCPA). This request is squarely within the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1), as it seeks information that is directly relevant to the claims and defenses in this case and is proportional to the needs of the litigation. Evidence that Defendant has been accused in other legal proceedings of the same or similar misconduct alleged here—namely, collecting interest not authorized by law or contract and violating the FDCPA—is probative of several critical issues, including willfulness, pattern or practice, knowledge of legal requirements, and potential punitive damages. Courts have consistently held that prior similar complaints or regulatory enforcement actions are discoverable in FDCPA cases when they may demonstrate a pattern of conduct or support claims of intentional or reckless disregard of the law.

Moreover, Defendant's historical conduct is relevant to assessing its compliance practices and internal policies surrounding interest accrual and statutory obligations under the FDCPA. This is especially important when Defendant asserts good faith or bona fide error

- 11 -

**EXHIBIT A**

defenses. If Defendant was previously sued or warned about similar conduct, then its continued collection of unauthorized interest may reflect recklessness or knowledge of noncompliance.

This Request is also temporally and topically limited: it is targeted only to documents relating to prior accusations of unauthorized interest collection or FDCPA violations and This request was temporally limited to the **three-year period** preceding the filing of the complaint through the date of Defendant's response. It does not require Defendant to produce all complaints ever filed against it, nor does it impose a disproportionate burden given Defendant's business as a nationwide debt collector subject to federal regulatory oversight.

Moreover, Federal Rule of Evidence 404(b) does not bar the discovery or admissibility of the materials sought in Request No. 14 because Plaintiff is not offering prior accusations of misconduct solely to prove "character" or that Defendant acted in conformity therewith. Rather, these materials are sought for proper, non-character purposes that are expressly permitted under Rule 404(b)(2), such as to show knowledge, intent, absence of mistake, or a pattern or practice of unlawful conduct. These are central issues in FDCPA litigation, particularly where the defendant's good faith, willfulness, or bona fide error defenses are at issue.

Finally, Rule 404(b) governs admissibility at trial, not discoverability. Discovery under Rule 26(b)(1) is broader and allows inquiry into relevant information even if it may not be ultimately admissible, so long as it is reasonably calculated to lead to admissible evidence. Courts routinely allow discovery of similar prior lawsuits or regulatory actions under this standard. To the extent Rule 404(b) might later be implicated, that is a matter for pretrial motions in limine—not a basis to resist discovery.

**EXHIBIT A**

Accordingly, Rule 404(b) does not shield Defendant from producing responsive documents under Request No. 14.

**Defense position:** This request goes far beyond the scope of discovery as broadly defined in Rule 26. Evidence of other lawsuits or claims against Defendant is inadmissible under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior lawsuits or claims are evidence of the validity of the Plaintiffs' current claims. Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.404(b). Rule 404 therefore precludes Plaintiff from introducing past complaints or claims made or orders entered against Defendant as a means to establish that IQ Data violated the FDCPA in this case. Finally, much of the information sought by this request is available from a review of public records, the cost of which can be borne by Plaintiff as readily as Defendant, and requiring it to produce documents under such circumstances would result in an undue burden.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all documents, summaries, litigation hold memoranda, regulatory inquiry responses, or internal tracking logs relating to any lawsuits, arbitrations, regulatory complaints, or formal disputes within the last five years in which Defendant was accused of (1) collecting unauthorized interest or (2) violating the FDCPA after being told to cease and desist. Responsive documents should include case names, file numbers, jurisdictions, claim summaries, outcomes, and any associated correspondence or internal analysis.

**EXHIBIT A**

**REQUEST 19. Produce every document identified in Your Rule 26(a)(1) disclosures, including insurance policies.**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control. Subject to and without waiving said objections, non-privileged, responsive documents are attached; investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "Non-privileged, responsive documents are attached; specifically, IQD0001-290." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks production of all documents that Defendant is already required to identify and describe in its Rule 26(a)(1) initial disclosures. The Federal Rules of Civil Procedure mandate that parties must disclose and make available for inspection and copying "a copy—or a description by category and

**EXHIBIT A**

location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). This includes, as specified in Rule 26(a)(1)(A)(iv), "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action." Defendant has already acknowledged the existence of responsive, non-privileged documents by including them in its initial disclosures. Having done so, it cannot now refuse to produce those same documents on grounds of vagueness, overbreadth, or burden. Any objection to production based on privilege must be supported by a log in compliance with Rule 26(b)(5). And to the extent Defendant contends it has no documents in its possession, custody, or control, it must affirmatively state that. Production of these materials is necessary for Plaintiff to evaluate Defendant's factual positions, identify relevant witnesses and documents for deposition, and assess settlement posture—including the availability and scope of applicable insurance coverage. The standing protective order fully resolves any alleged confidentiality or proprietary concerns.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all non-privileged documents identified in its Rule 26(a)(1) disclosures, including but not limited to any insurance policies, endorsements, or coverage letters that may cover the claims in this case. Any documents withheld based on a claim of privilege must be identified in a detailed privilege log.

**REQUEST 22. Produce all written agreements or contracts You contend authorize You to collect the alleged debt.**

**EXHIBIT A**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the term "authorize", and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this request on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks the written agreements or contracts that form the legal basis for Defendant's claim that it was authorized to collect the debt at issue. If Defendant asserts it had lawful authority to engage in collection activity, it must identify

**EXHIBIT A**

and produce the source of that authority. This includes placement agreements, collection contracts, forwarding letters, servicing agreements, or assignments from the creditor or originating entity. These documents go directly to standing, permissible purpose, the amount owed, and whether Defendant had legal authorization to charge interest, report tradelines, or demand payment. This information is central to Plaintiff's claims under 15 U.S.C. §§ 1692e and 1692f, especially where Plaintiff disputes the existence or enforceability of the debt. If Defendant cannot produce a contract authorizing collection, it raises serious questions about the legitimacy of the collection effort—especially since Defendant initially countersued Plaintiff for this debt, only to withdraw those counterclaims in the face of a Rule 11 safe harbor motion. Courts routinely compel production of such agreements in FDCPA litigation. The term "authorize" is neither vague nor ambiguous; it refers to the legal right to collect and the documents evidencing that authority.

Defendant's objections based on burden or trade secret are not persuasive. These are routine business records that Defendant either has or does not. If the records are privileged or redacted, Defendant must assert that with specificity and produce a privilege log. The protective order in place fully addresses any confidentiality or proprietary concerns.

**Defense position:** Same as Request #11 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all written agreements, contracts, servicing authorizations, collection placements, account transfer letters, or other documents that Defendant contends provided legal authority to

**EXHIBIT A**

collect the alleged debt from Plaintiff. If no such written agreement exists, Defendant must affirmatively state so.

**REQUEST 25. Produce all documents that explain or describe Your procedure for responding to consumer disputes under the FDCPA.**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine.

**Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. To the extent that Plaintiff's definition of "Your" encompasses defense attorneys, IQ Data objects to this Request to the extent the instant request calls for the production of records that are protected from production by the attorney-client**

**EXHIBIT A**

**and insurer-insured privileges, as well as the attorney work-product doctrine."** If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Legal Argument:** This request seeks Defendant's internal procedures for handling consumer disputes—a subject that goes to the heart of Plaintiff's claims under the Fair Debt Collection Practices Act, including 15 U.S.C. §§ 1692g(b), 1692e(8), and 1692c(c). When a consumer disputes a debt, the FDCPA requires debt collectors to verify the debt and suspend collection until verification is provided. If the consumer requests no further contact, Defendant must cease all collection communications. Defendant's procedures—both written and applied—are essential to evaluating whether it met these statutory obligations or violated them. The documents requested include standard operating procedures, flowcharts, compliance directives, training materials, or employee-facing instructions on how to process consumer disputes. These materials are directly relevant to the bona fide error defense under § 1692k(c), which requires proof that the defendant maintained procedures reasonably adapted to avoid the error. If Defendant had no procedure or a deficient one, it cannot claim this defense. Courts regularly compel production of dispute-handling policies in FDCPA cases. The request is narrowly tailored and proportional. Any objections based on trade secret or proprietary content are fully addressed by the protective order in this matter. Boilerplate objections regarding vagueness, burden, or privilege are legally insufficient.

**Defense position:** Same as Request #11 (Scope, Commercially Sensitive Information, Trade Secrets)

- 19 -

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all written procedures, training materials, policy manuals, memoranda, flowcharts, or other documents describing how it responds to consumer disputes under the FDCPA, including how disputes are logged, investigated, verified, and whether collection activity is suspended. This includes materials used by collectors, supervisors, compliance officers, and reporting personnel. If documents are withheld as privileged, Defendant must identify them in a privilege log.

**REQUEST 31. Produce all consumer complaints made directly to You alleging unlawful interest, deceptive collection tactics, or failure to cease communication upon request.**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work- product doctrine.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis**

**EXHIBIT A**

**that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.  To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Request to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks consumer complaints directly received by Defendant that allege the same categories of violations asserted by Plaintiff—specifically, unauthorized interest, false or misleading collection practices, and disregard for cease communication requests. These complaints are highly probative of Defendant's knowledge, notice, intent, and any pattern or practice of noncompliance, which are directly relevant to Plaintiff's claims and the potential award of statutory and punitive damages under 15 U.S.C. § 1692k(b)(1). If Defendant has received similar complaints in the past and failed to change its conduct, that is evidence of willfulness and corporate disregard for consumer rights. These complaints may also corroborate Plaintiff's experience and rebut any argument that the incident at issue was isolated. Courts routinely permit discovery into prior similar complaints, particularly when limited to direct consumer communications rather than public filings or lawsuits. Defendant's objections based on vagueness, burden, or scope are unpersuasive. The categories of complaints—unlawful interest, deceptive collection tactics, and failure to cease communication—are clearly defined within the

**EXHIBIT A**

FDCPA's statutory framework. The request is further narrowed by its focus on direct-to-Defendant complaints, which are more easily identifiable and retrievable through customer service logs, internal CRM tools, or compliance inboxes. Any confidentiality or proprietary concerns are fully addressed by the protective order in place.

**Defense position:** This request goes far beyond the scope of discovery as broadly defined in Rule 26.  Evidence of other consumer complaints against Defendant is inadmissible under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior lawsuits or claims are evidence of the validity of the Plaintiffs' current claims. Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.404(b). Rule 404 therefore precludes Plaintiff from introducing past complaints or claims made or orders entered against Defendant as a means to establish that IQ Data violated the FDCPA in this case. Finally, the compilation of this information would require a file-by-file review of every consumer account, and requiring Defendant to produce documents under such circumstances would result in an undue burden.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all consumer complaints, dispute letters, emails, phone logs, or intake records received by Defendant that allege any of the following: (1) improper or unauthorized interest charges; (2) misleading or deceptive collection activity; or (3) failure to cease communication following a written request. The production should be limited to complaints received within

**EXHIBIT A**

the five years preceding the filing of this action. If Defendant asserts privilege, it must provide a Rule 26(b)(5) privilege log.

**REQUEST 32. Produce all screen captures, dashboard views, or data logs from Your account management system reflecting any activity related to Plaintiff.**

> RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control. Subject to and without waiving said objections, non-privileged, responsive documents are attached; investigation continues.

**Defendant's Post Meet and Confer Positions: Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary**

**EXHIBIT A**

**or otherwise constitute a trade secret. Subject to and without waiving said objections, non-privileged, responsive documents are attached; specifically, IQD0001-004; 0013." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks directly relevant internal system data reflecting Defendant's handling of Plaintiff's account. Screen captures, dashboard views, and data logs are often the clearest way to understand what Defendant's agents saw and did in real-time, and how Plaintiff's account was processed within the collection software. These materials may show when Defendant received Plaintiff's dispute or cease communication request, whether the account was flagged as disputed, what collection actions occurred afterward, and whether credit reporting was suppressed or modified—all of which are central to Plaintiff's claims under 15 U.S.C. §§ 1692c(c), 1692e(8), 1692f, and 1692g. Static reports and summaries often omit fields visible in the live interface— such as dispute flags, account status tags, or automated system notices. Without the original interface or data view, Plaintiff may be deprived of critical metadata. Courts routinely compel production of these materials, especially when a collector's internal systems are at issue. Defendant's objections are boilerplate and unsupported. The request is narrow, tailored to this Plaintiff's account only, and targets records that are already maintained by Defendant in its system. The protective order fully addresses any confidentiality or proprietary concerns. To the extent documents are withheld based on privilege or system limitations, Defendant must state that with specificity.

**EXHIBIT A**

**Defense position:** Same as Request #11 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all screen captures, dashboard snapshots, activity logs, field entries, or data exports from any system used to manage Plaintiff's account, including collection management platforms, call handling systems, and credit reporting interfaces. These should reflect all actions taken on the account, especially after receipt of Plaintiff's March 2, 2024 dispute. If responsive data was not preserved or is unavailable, Defendant must affirmatively state so in a verified supplemental response.

**REQUEST 34. Produce all communications, memos, emails, or directives referencing how Your collectors were instructed to respond to disputes received in March 2024.**

> RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague,**

- 25 -

**EXHIBIT A**

**ambiguous, overbroad in time and scope, and unduly burdensome and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks internal communications and directives that governed how Defendant instructed its debt collectors to respond to consumer disputes during March 2024—a month during which Plaintiff's own written dispute was submitted. These materials are directly relevant to evaluating Defendant's practices under 15 U.S.C. §§ 1692g(b), 1692e(8), and 1692c(c), and whether it complied with legal obligations to verify the debt, cease collection activity, or report the debt as disputed. If collectors were instructed to continue contacting consumers or to ignore dispute flags, that would constitute evidence of willfulness, policy-level noncompliance, and a pattern of disregard for consumer protections. Conversely, if Defendant maintained policies or issued guidance in March 2024 that contradicted how Plaintiff's dispute was handled, that discrepancy may demonstrate negligence or recklessness. Courts regularly compel production of targeted internal emails, collector bulletins, or compliance memos that relate to procedures during

**EXHIBIT A**

key time periods. Defendant's objections are conclusory. The request is clearly limited to a specific timeframe (March 2024), a defined topic (handling disputes), and a narrow group of documents (instructions, emails, and memos to collection staff). The protective order resolves all confidentiality concerns, and any documents withheld based on privilege must be listed in a compliant log under Rule 26(b)(5).

**Defense position:** Same as Request #11 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all internal emails, collector bulletins, compliance memoranda, training communications, and supervisor directives that were issued or in effect during March 2024 and that reference how collectors should respond to consumer disputes. This includes any materials reflecting procedures for logging, suppressing, verifying, or responding to such disputes. Defendant must also identify and log any withheld communications claimed as privileged.

**REQUEST 37. Produce all documents and communications of any kind between You and any original creditor or owner of the alleged debt, including but not limited to Lexi Apartments or Roers Companies, created, sent, or received before, during, or after this lawsuit.**

> RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise

**EXHIBIT A**

constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control. Subject to and without waiving said objections, non-privileged, responsive documents are attached. Investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks documents central to the issues of authorization, ownership, and accuracy regarding the alleged debt. Communications between Defendant and the original creditor (Lexi Apartments or Roers Companies) may reveal whether the debt was valid, what amounts were claimed, whether interest was authorized, and how Plaintiff's dispute was addressed—if at all. These documents also bear on standing and chain of title, and may include instructions regarding collection tactics,

- 28 -

**EXHIBIT A**

dispute handling, or credit reporting. Plaintiff is entitled to test whether Defendant's actions were based on accurate or complete information, and whether the creditor-imposed limits or gave direction that Defendant disregarded. Such communications are routinely compelled in FDCPA litigation. They may also identify factual discrepancies or show that Defendant had reason to doubt the debt's validity or Plaintiff's liability. Defendant's objections are boilerplate and unsupported. The request identifies specific parties, a clear subject matter, and a discrete timeframe: documents "created, sent, or received before, during, or after this lawsuit" that relate to the debt at issue. The protective order neutralizes any proprietary concerns. If any materials are privileged, Defendant must produce a log compliant with Rule 26(b)(5).

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all communications and documents exchanged with Lexi Apartments, Roers Companies, or any other creditor or owner of the alleged debt, including emails, letters, account placement files, dispute correspondence, and instructions regarding interest, reporting, or dispute resolution. Production should include pre-litigation and post-litigation communications. Any withheld materials must be listed in a privilege log, and any claim that such documents are not in Defendant's possession must be stated in a verified supplemental response.

**REQUEST 40. Produce all documents relied upon by You in asserting that You were authorized to add interest to Plaintiff's alleged debt.**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not

- 29 -

**EXHIBIT A**

proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control. Subject to and without waiving said objections, non-privileged, responsive documents are attached; investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client privilege, as well as the attorney work-product doctrine. Subject to and without waiving said objections, non-privileged, responsive documents are attached; specifically, IQD0043-154; 175-286. See also Minn. Stat. § 334.01." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks documents that Defendant claims support its legal authority to impose interest on Plaintiff's account. That authority—if it exists—must come from an applicable lease, agreement, statute, or creditor instruction.

**EXHIBIT A**

Plaintiff challenges the legality of the interest charged, and under 15 U.S.C. § 1692f(1), the FDCPA prohibits the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law. In Minnesota, interest accrual must also comply with Minn. Stat. § 334.01, which further limits Defendant's ability to impose interest without an express written contract or applicable statute. Defendant cannot simultaneously assert that it had a legal basis to charge interest and then refuse to disclose what that basis is. Any documents supporting that assertion—such as the lease agreement, client placement files, internal policy memos, or creditor-provided rate instructions—are discoverable and directly relevant to both liability and damages. Courts routinely compel the production of such materials in FDCPA litigation. Defendant's objections are boilerplate and unfounded. The request is not vague or overbroad. It is specific in its scope (documents relied upon to justify interest) and focused solely on Plaintiff's alleged debt. The protective order resolves any concerns about confidentiality or trade secrets. Any claims of privilege must be supported by a Rule 26(b)(5) privilege log.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all documents it relied on or consulted to support its decision to assess interest on Plaintiff's alleged debt, including lease agreements, rate schedules, client instructions, creditor correspondence, internal memos, and system-generated calculations. Any documents withheld as privileged must be logged, and any claim that no such documents exist must be stated in a verified supplemental response.

**EXHIBIT A**

**REQUEST 43. Produce all correspondence You received from any credit bureau concerning Plaintiff's account, including dispute verifications or automated consumer dispute verifications (ACDVs).**

RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the term "correspondence", and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control. Subject to and without waiving said objections, non-privileged, responsive documents are attached; investigation continues.

**Defendant's Post Meet and Confer Positions: Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the term "correspondence", and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data**

- 32 -

**EXHIBIT A**

**additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control. Subject to and without waiving said objections, non-privileged, responsive documents are attached; pecifically, IQD0001-004. Investigation continues." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request seeks correspondence from consumer reporting agencies (CRAs) such as Equifax, Experian, or TransUnion regarding Plaintiff's account. These materials—including dispute verifications, ACDVs, and related communications—are critical to evaluating Defendant's compliance with the Fair Debt Collection Practices Act (FDCPA), including § 1692e(8), which prohibits failing to report a debt as disputed when the debt collector knows or should know that a dispute exists. If Plaintiff disputed the debt with a credit bureau and that dispute was conveyed to Defendant, Defendant had a statutory obligation to conduct a reasonable investigation, update or correct the tradeline, and refrain from furnishing inaccurate or misleading information. ACDVs and related materials show whether Defendant acknowledged the dispute, how it verified the information, and whether it reported the debt accurately. These documents are not privileged. Defendant's objections regarding the term "correspondence" being vague are unfounded—it clearly includes electronic and written communications from CRAs about the Plaintiff's account. The request is narrowly tailored to a single consumer and a

- 33 -

**EXHIBIT A**

single account, making objections based on burden or overbreadth meritless. Any concern regarding confidentiality is fully addressed by the protective order.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all documents received from consumer reporting agencies relating to Plaintiff's account, including but not limited to ACDVs, dispute notices, response records, reinvestigation findings, and any communications reflecting tradeline suppression, updates, or deletions. If documents are withheld on privilege grounds, they must be logged under Rule 26(b)(5). If no responsive documents exist, Defendant must affirmatively state that in a verified supplemental response.

**REQUEST 47. Produce all written policies or procedures that govern deletion, suppression, re- reporting, or reinsertion of consumer accounts following a dispute or deletion from another consumer reporting agency.**

> RESPONSE: IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine. IQ Data also objects to the extent Plaintiff seeks documents that are not in IQ Data's possession, custody, or control.

- 34 -

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:  Defendant has amended its response to read as follows "IQ Data objects to this request on the basis that it is vague, ambiguous, overbroad in time and scope, and unduly burdensome and on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. IQ Data additionally objects to the extent the instant request calls for the production of records that are protected from production by the attorney-client and insurer-insured privileges, as well as the attorney work-product doctrine." If this amendment and Defendant's stated legal position on the issue still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This request targets Defendant's formal policies and procedures concerning critical consumer credit reporting functions governed by the Fair Credit Reporting Act (FCRA), particularly under 15 U.S.C. § 1681s-2(b) and § 1681i(a)(5) and the FDCPA, 15 U.S.C. § 1692e(8). After a consumer files a dispute or a credit bureau deletes a tradeline, furnishers like Defendant are prohibited from reinserting or re-reporting the same data unless specific certification and procedural steps are followed. Failure to comply with these provisions can expose a furnisher to FDCPA liability for continued reporting of inaccurate or previously disputed information.

Plaintiff is entitled to review Defendant's policies to determine whether it has written procedures addressing (1) suppression of tradelines after a dispute, (2) deletion requests,

**EXHIBIT A**

(3) the conditions under which re-reporting is permitted, and (4) safeguards to prevent unlawful reinsertion of deleted accounts. If no such policies exist, that absence is independently relevant to claims that Defendant acted negligently or without procedures reasonably adapted to avoid legal violations. The request is directly relevant and proportional. It is clearly limited to the policies and procedures that govern post-dispute credit reporting behavior, including reinsertion, suppression, and deletion. Courts routinely compel such documents in FDCPA litigation. Defendant's objections based on burden, ambiguity, and trade secret status are not supported by any factual showing. The protective order fully mitigates any proprietary concerns.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to produce all written policies, procedures, training materials, or compliance manuals that govern the deletion, suppression, re-reporting, or reinsertion of consumer tradelines following receipt of a dispute or after deletion by a credit bureau. If Defendant lacks such policies or does not follow any defined procedure, it must affirmatively state that in a verified supplemental response. Any privileged materials must be identified in a Rule 26(b)(5) log.

**EXHIBIT A**

**INTERROGATORIES REQUIRING SUPPLEMENTATION**

**Interrogatory 2.    Identify each document referred to or consulted by You in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential and/or privileged. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0290." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**EXHIBIT A**

**Plaintiff's Legal Arguments:** This interrogatory seeks a foundational disclosure of what documents Defendant consulted in preparing its interrogatory responses. This is necessary to test the completeness and credibility of the responses, particularly where Defendant repeatedly invokes Rule 33(d). Without knowing what documents were considered, Plaintiff cannot evaluate whether those documents are actually responsive or sufficient under Rule 33(d). Boilerplate objections and vague references to "responsive documents" are insufficient. Courts routinely compel full disclosure under Rule 26(g) to ensure meaningful discovery. **<u>Plaintiff agreed during the meet and confer that the definition of "You" did not include defense attorneys with respect to all discovery requests.</u>**

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify each document consulted in answering the interrogatories, including title, date, author (if known), and Bates range, without further objection or reference to Rule 33(d).

**Interrogatory 3.    Identify all persons known to You to have personal knowledge of any facts or issues involved in this lawsuit, state the following:**

**a.     first, last, and middle legal name;**

**b.     all DBA, fake, or alias name(s) used by this person;**

**c.     job title or capacity;**

**d.     business address and telephone number;**

**e.     home address and telephone number; and**

**f.     age.**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this

- 38 -

**EXHIBIT A**

Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:   Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged. Subject to and without waiving said objections, see IQ Data's Rule 26(a)(1) initial disclosures and the supplements thereto, and see also the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Defendant's objections are unsupported and the information sought is routine in federal discovery. Plaintiff is entitled to identify all persons with personal knowledge of the facts at issue. This is required for Rule 26(a) disclosures and essential for witness preparation and deposition scheduling. Claims of burden or privacy are unfounded given the limited scope and relevance to this active litigation. **Defendant has not supplied any of the specific demographic information requested for the individual employees, including the failure to provide last known addresses and telephone numbers.**

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff requests an order requiring Defendant to fully identify all known individuals with knowledge of the underlying facts, including their full names, job titles, work and personal contact details, aliases, and age, or to affirmatively state no such information exists.

**Interrogatory 4.   Identify and describe with particularity all training that You provide or receive in the area of debt collection activities, including but not limited to:**

**a.    the training content, timing, and duration;**

**b.    all documents and audio or visual materials used in such training; and**

**c.    each person involved in providing such training.**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad in time and scope and unduly burdensome. IQ Data also objects on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged pursuant to the attorney-client privilege and the attorney work product doctrine.  IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad in time and scope**

**EXHIBIT A**

**and unduly burdensome. IQ Data also objects on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Training materials, schedules, and instructor information directly relate to Defendant's intent and procedures, especially where Defendant raises bona fide error and compliance defenses. The scope is narrowly tailored to debt collection training and therefore proportional. Claims of burden or trade secret are misplaced; courts routinely require production subject to a protective order.

**Defense position:** This request goes beyond the scope of discovery as broadly defined in Rule 26 of the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even when the discovery is relevant, it "is not permitted where no need is shown, or compliance would be unduly burdensome, or where

- 41 -

**EXHIBIT A**

harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

While IQ Data is aware a Protective Order has been entered in this case, the information sought herein is commercially sensitive and/or irrelevant to whether IQ Data violated the FDCPA. In other words, the potential harm that it could suffer by way of the inadvertent disclosure of trade secrets far outweigh any possible benefit that could inure to Plaintiff. *See In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir.1991) ("Rule ... 26(c)[ (1)(G) ] anticipates that in certain cases, discovery of trade secrets should either be limited or not permitted.").

Additionally, both Washington and Minnesota legislators have expressly provided companies such as IQ Data with avenues for protecting such information. *See* the Washington Uniform Trade Secrets Act (at RCW 19.108; *see also Rhinehart v. Seattle Times Co.*, 98 Wash. 2d 227, 236 (1982) as well the Minnesota Mnnesota Uniform Trade Secrets Act. Minn. Stat. § 325C.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to fully describe its training programs related to debt collection, including content, timing, and responsible personnel, and to identify all training materials used.

**Interrogatory 5.    Identify and describe with particularity every fact You rely upon for each of the affirmative defenses You pleaded in Your answer to the complaint or amended complaint in this matter.**

**EXHIBIT A**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential and/or privileged and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0289. Investigation continues." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Defendant must disclose the factual basis for each of its affirmative defenses or face waiver under Rule 8(c). Vague objections do not excuse this

**EXHIBIT A**

obligation. Plaintiff cannot evaluate or move to strike unsupported defenses without knowing the basis for them. This is a core interrogatory meant to cabin the scope of trial.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and describe all facts supporting each affirmative defense, without objection.

**Interrogatory 8.    Identify and describe with particularity each Consumer Reporting Agency (credit bureau) to which You reported information about Plaintiff's alleged account, the dates of each such report, and the specific information provided to each agency.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the term "reported", and not limited in time to the applicable time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents produced pursuant to Rule 33(d)(1); see the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with**

- 44 -

**EXHIBIT A**

==Defendant for further review and verification.== **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Reporting to credit bureaus is central to Plaintiff's claims under the FDCPA. Plaintiff is entitled to know what was reported, when, and to whom. The term "reported" is not vague in this context—it has a well-established meaning. Defendant's burden objections are conclusory and unsupported.

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify each credit bureau to whom Plaintiff's debt was reported, the date of each report, and the exact content of each tradeline entry.

**Interrogatory 9.     Identify and describe all documents, manuals, instructions, checklists, memoranda, restrictions or other documentation or instructions that Your employees or agents are given, read, review, or otherwise use, which describe, record, or establish Your methods and techniques used to collect debts.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad in time and scope and unduly burdensome. IQ Data also**

**EXHIBIT A**

**objects on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks Defendant's internal policies and manuals governing debt collection, which are highly relevant to both liability and punitive damages. A defendant that trains collectors to disregard legal limits cannot shield that from discovery. The objection that these are confidential or proprietary can be addressed via a protective order.

**Defense position:** Same as Interrogatory #4 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify and describe all internal documentation used to instruct its employees or agents on collection practices, including all formats and versions.

**Interrogatory 10.   Identify and describe with specificity all of Your policies and procedures for how You respond to consumer disputes and/or reports of identity theft on credit accounts.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's

**EXHIBIT A**

claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0290." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Defendant's policies for handling consumer disputes and identity theft are highly relevant under the FDCPA. These practices determine whether Plaintiff's rights were violated. The request is narrowly tailored and proportional.

**Defense position:** Same as Interrogatory #4 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling full disclosure of Defendant's procedures for responding to consumer disputes and reports of identity theft, including document references and responsible personnel.

**EXHIBIT A**

**Interrogatory 11.   Identify and describe with specificity how You responded to Plaintiff's dispute(s) of the alleged debt, including any investigation You conducted.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the terms "responded" "investigation", or "disputes", and not limited in time to the applicable time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents are attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "ANSWER:     IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with Defendant for**

**EXHIBIT A**

<mark>further review and verification.</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks the factual basis for Defendant's response to Plaintiff's written dispute of the debt, which is central to Plaintiff's FDCPA claims. Terms like "investigation" and "responded" are not vague—they are standard and clearly understood in the context of debt disputes. Moreover, Defendant's repeated use of boilerplate objections improperly obstructs discovery. Defendant cannot simultaneously assert it conducted a reasonable investigation while refusing to describe what that investigation entailed.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to describe in detail all actions it took in response to Plaintiff's dispute(s), including the scope, steps, and personnel involved in any investigation, without objection. Any confidentiality concerns are fully addressed by the existing protective order.

**Interrogatory 12.   Identify each person, whether employee, agent, or independent contractor, who attempted to collect on Plaintiff's alleged debt. For each person, state:**

**a.      first, last, and middle legal name;**

**b.      all DBA, fake, or alias name(s) used by this person;**

**c.      job title or capacity;**

**d.      business address and telephone number;**

**e.      home address and telephone number; and**

**f.      age.**

- 49 -

**EXHIBIT A**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See IQ Data's Rule 26(a)(1) initial disclosures and the supplements thereto, and see also the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff is entitled to know who at Defendant's company engaged in direct or indirect collection activities. This includes call center agents, skip-tracers, and supervisors. This information is critical for deposition planning and evaluating Defendant's practices under 15 U.S.C. § 1692c(b). Objections regarding confidentiality are not valid given the existing protective order. Claims of overbreadth or burden are unsupported by evidence.

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify all individuals involved in attempting to collect Plaintiff's alleged debt, including full names,

**EXHIBIT A**

aliases, job titles, business and personal contact information, and age. The protective order governs the treatment of sensitive information.

**Interrogatory 13.   Identify and describe with particularity the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed, assigned, or otherwise transferred to You for collection, including all related documentation.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the terms "referred", "placed", "assigned", and "transferred". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0289." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**EXHIBIT A**

**Plaintiff's Legal Arguments:** This interrogatory seeks the basic factual predicate for Defendant's authority to collect the alleged debt. The transfer or assignment process must be disclosed so Plaintiff can challenge the validity of the collection effort and any alleged chain of title. Objections based on ambiguity or burden are meritless. The terms "referred," "placed," and "assigned" are common and understood in the industry.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and describe all facts and documents relating to the assignment, referral, or transfer of the debt, including dates, entities involved, and supporting documentation. The protective order adequately covers any proprietary materials.

**Interrogatory 14.    Describe all amounts added to the principal amount of the alleged debt, including the date added, the type of charge added, the legal basis for the addition, and whether Plaintiff agreed to such addition.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the term "charge", and not limited in time to the relevant time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:** Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, counsel's work product and defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0286." ==The amended, unverified response is with Defendant for further review and verification.== If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Defendant's imposition of interest and fees is a central factual and legal issue. Plaintiff is entitled to know what was added to the debt, when, why, and under what authority. This interrogatory goes directly to claims under the FDCPA and possibly Minnesota law. Objections based on "trade secret" are not viable in light of the protective order, and the burden is minimal.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify each charge or amount added to the original debt, including the date added, type of charge, legal justification, and any record of Plaintiff's consent. All proprietary concerns are resolved by the protective order.

**Interrogatory 15.** Identify and describe all communications between You and Plaintiff, Plaintiff's counsel, or any third party regarding Plaintiff's account, including for each:

**EXHIBIT A**

**a.      the date and time of the communication;**

**b.      the names of all participants;**

**c.      whether the communication was oral, written, or electronic;**

**d.      the substance of the communication; and**

**e.      the location of any recordings, transcripts, or written correspondence.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the term "communication", and not limited in time to the relevant time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0015." The amended, unverified response is with Defendant for**

**EXHIBIT A**

<mark>further review and verification.</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks a comprehensive record of Defendant's communications related to Plaintiff's account, including calls to Plaintiff's employer, voicemails, and written correspondence—all of which are directly relevant to the FDCPA claims, particularly under 15 U.S.C. §§ 1692c, 1692e, and 1692d. The term "communication" is defined by statute and not vague. Objections regarding privilege or burden are not supported.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all communications related to Plaintiff's account, including date, time, participants, medium, content, and the location of any associated records or recordings. The protective order governs any sensitive business information.

**Interrogatory 16.   Identify and describe each document known to You that contains, discusses, or refers to the alleged debt owed by Plaintiff, including any original lease agreement, ledger, billing statement, credit report, or assignment document.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without

- 55 -

**EXHIBIT A**

waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0286." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff is entitled to know what documents Defendant believes support the alleged debt. This includes leases, ledgers, and billing records—all of which are commonly disclosed in debt collection litigation. Rule 33(d) does not relieve a party from identifying and describing responsive documents with specificity. Vague objections about burden or trade secrets are nullified by the protective order.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify each responsive document that references or discusses the alleged debt, including lease agreements, ledgers, and account statements, with sufficient detail for Plaintiff to locate and understand each document.

- 56 -

**EXHIBIT A**

**Interrogatory 17.   Identify and describe fully all computer systems, databases, or applications You use to log, monitor, or track consumer communications, call recordings, account notes, and collection activities.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff is entitled to know what systems Defendant uses to track communications and collection activity. This directly relates to the existence and integrity of call logs, recordings, and notations referenced in other discovery requests.

**EXHIBIT A**

Courts routinely compel this type of disclosure, and any alleged proprietary concerns are addressed by the existing protective order.

**Defense position:** Same as Interrogatory #4 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify and describe all internal systems, databases, or software used to record collection activity or communications regarding Plaintiff's account.

**Interrogatory 18.   Identify whether You record telephone calls made or received in connection with debt collection efforts, and if so:**

**a.      describe the system used;**

**b.      identify which calls are recorded;**

**c.      state whether any calls with Plaintiff were recorded; and**

**d.      identify the current location and status of all such recordings.**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this**

- 58 -

**EXHIBIT A**

**Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret."** <mark>**The amended, unverified response is with Defendant for further review and verification.**</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks facts about Defendant's call recording practices, including whether Plaintiff's calls were recorded. This is crucial to establish potential evidence under 15 U.S.C. §§ 1692d and 1692c. The objections are baseless given the narrow scope and the protective order in place. Defendant has already referred to responsive documents and recordings, and now must disclose their existence and status.

**Defense position:** Same as Interrogatory #4 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify its call recording practices, whether Plaintiff's calls were recorded, and where those recordings are stored.

**Interrogatory 19.    Identify all facts You rely upon to assert that Plaintiff suffered no concrete injury- in-fact sufficient to establish Article III standing.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's

**EXHIBIT A**

claim or defense, and it is not proportional to the needs of the case. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see Plaintiff's Answers to Interrogatories. Investigation continues." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Defendant has raised Article III standing as a defense. Plaintiff is entitled to test the factual basis for that assertion. This interrogatory is narrowly framed to elicit those facts. Defendant cannot both assert lack of standing and refuse to explain the facts supporting that claim. Objections are not valid given the nature of the defense and the proportionality of the request.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all facts supporting its claim that Plaintiff lacks Article III standing.

**Interrogatory 20.   Identify all facts You rely upon to assert that Plaintiff's claims were brought in bad faith or for the purpose of harassment.**

**EXHIBIT A**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0289. See also Plaintiff's Answers to Interrogatories and document production." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff is entitled to challenge Defendant's allegations of bad faith or harassment under 15 U.S.C. § 1692k(a)(3). Defendant has put this issue in play, and Plaintiff is entitled to discover the factual basis for any such assertion. Boilerplate objections do not absolve Defendant of its Rule 26 obligations. Directing Plaintiff to review every single document Defendant has produced in this case is non-responsive.

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to state all facts it relies upon to support its allegation that Plaintiff brought this lawsuit in bad faith or for harassment.

**Interrogatory 21.    Identify all facts You rely upon to assert that You have procedures in place to prevent violations of the FDCPA, and describe those procedures in detail.**

      ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the term "procedures". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged pursuant to the attorney-client privilege and the attorney work product doctrine. IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad in time and scope and unduly burdensome. IQ Data also objects on the basis that it seeks the production of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.  IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise**

- 62 -

**EXHIBIT A**

constitute a trade secret. Investigation continues." <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Defendant has asserted that it maintains procedures to prevent FDCPA violations. Plaintiff is entitled to discover what those procedures are. This is especially important where Defendant may invoke the bona fide error defense under 15 U.S.C. § 1692k(c), which requires evidence of maintained and enforced procedures. The term "procedures" is not vague in this context. Defendant cannot withhold this information and simultaneously rely on it as a defense.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and describe in detail all procedures it maintains for FDCPA compliance, including training, enforcement, internal audits, and written protocols.

**Interrogatory 22. Identify each lawsuit, arbitration, or formal complaint filed against You in the past five years involving allegations of improper interest charges, including the court file number, jurisdiction, parties, date filed, and final disposition.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the terms "improper" or "charges". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and it is not proportional to the needs of the case. IQ Data also objects on the basis that Plaintiff is requesting information to which it has at least equivalent access in that all the information requested in this Interrogatory is publicly available.

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:** Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the terms "improper." IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and it is not proportional to the needs of the case. IQ Data also objects on the basis that Plaintiff is requesting information to which it has at least equivalent access in that all the information requested in this Interrogatory is publicly available." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** This interrogatory is narrowly tailored to prior claims regarding *improper interest charges*, which directly relate to Plaintiff's own claims. The five-year time frame is reasonable and consistent with federal practice. The information is not equally available to Plaintiff despite being publicly accessible, since Defendant is uniquely positioned to identify, summarize, and verify the accuracy of such cases.

**Defense position:** This request goes far beyond the scope of discovery as broadly defined in Rule 26. Evidence of other lawsuits or claims against Defendant is inadmissible under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior lawsuits or claims are evidence of the validity of the Plaintiffs' current claims. Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with

- 64 -

**EXHIBIT A**

the character." Fed. R. Evid.404(b). Rule 404 therefore precludes Plaintiff from introducing past complaints or claims made or orders entered against Defendant as a means to establish that IQ Data violated the FDCPA in this case. Finally, much of the information sought by this request is available from a review of public records, the cost of which can be borne by Plaintiff as readily as Defendant, and requiring it to produce documents under such circumstances would result in an undue burden.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all litigation, arbitration, or formal complaints in the past five years involving allegations of improper interest charges, including file numbers, jurisdictions, parties, and outcomes.

**Interrogatory 23.    Identify all written policies or procedures governing the addition of interest to consumer debts, including the circumstances under which interest may be assessed.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's**

**EXHIBIT A**

**claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret."** <mark>**The amended, unverified response is with Defendant for further review and verification.**</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory requests written policies governing the addition of interest to debts. That issue is central to Plaintiff's FDCPA and state law claims. The request is proportional, narrowly targeted, and addresses only formal guidance—not confidential strategy. Any alleged proprietary nature of the materials is fully addressed by the existing protective order.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and produce all written policies or procedures governing interest assessment on consumer accounts.

**Interrogatory 24.    Identify and describe with particularity all facts You rely upon to assert that You were authorized by law or by contract to assess interest against Plaintiff.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the term "assess". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise

- 66 -

**EXHIBIT A**

constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications, as detailed in the privilege log produced concurrently with these responses. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0001-0286." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Defendant claims it had authority to add interest to Plaintiff's account. Plaintiff is entitled to test the legal basis for that assertion. This interrogatory seeks foundational facts—not legal conclusions—and is clearly relevant to the claims under 15 U.S.C. §§ 1692e(2), 1692f(1), and Minn. Stat. § 334.01. Trade secret objections are inapplicable under the protective order. Again, Defendant directing Plaintiff to review 286 pages of already produced documents is nonresponsive.

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all facts and documents relied upon to assert lawful authority to assess interest, including any contractual or statutory basis.

**Interrogatory 25.  Identify and describe any and all representations made to Plaintiff that interest would be assessed on the alleged debt.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the terms "representations" and "assessed", and not limited in time to the applicable time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0009-0012."** The amended, unverified response is with Defendant for further review and verification. **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks to uncover what, if any, representations were made to Plaintiff about interest being added to her account. Such representations—or the lack thereof—go directly to deception and unfairness under the

**EXHIBIT A**

FDCPA. This is not speculative; Defendant claimed interest, and Plaintiff disputes receiving notice. This interrogatory addresses that dispute.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and describe all statements or disclosures made to Plaintiff indicating that interest would be added to the alleged debt.

**Interrogatory 26.   Identify all documents that reflect Plaintiff's request for no further communication, and describe what action, if any, You took in response.**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the terms "request" and "communication", and not limited in time to the applicable time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD00005-0007; 287; 289." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**EXHIBIT A**

**Plaintiff's Legal Arguments:** This interrogatory seeks records reflecting Plaintiff's cease communication request under 15 U.S.C. § 1692c(c), and what action Defendant took in response. This goes directly to a statutory violation and Plaintiff's core allegations. The request is targeted and proportional. The objection that terms like "request" are vague is meritless, particularly given Plaintiff's March 2, 2024 letter and recorded phone calls already in the record.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all documents reflecting Plaintiff's cease communication request(s), and to describe what actions were taken in response, if any.

**Interrogatory 28.   Identify all documents in which the debt is marked as disputed.**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably defined as to the terms "marked" and "disputed", and not limited in time to the applicable time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with**

**EXHIBIT A**

==Defendant for further review and verification.== If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Plaintiff is entitled to know whether her account was marked as disputed and how that fact was documented. This is directly relevant to Defendant's compliance with the FDCPA. Defendant's vague objections about what "marked" or "disputed" means are not credible, given the statutory context of 15 U.S.C. § 1692e(8).

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all documents in which the account was marked or described as disputed.

**Interrogatory 29.   Identify the specific individual(s) who decided to continue reporting the alleged debt after receiving Plaintiff's dispute.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the terms "continue", "reporting", "receiving", and "dispute". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks**

- 71 -

**EXHIBIT A**

**information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004."** <mark>**The amended, unverified response is with Defendant for further review and verification.**</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Plaintiff's dispute letter triggered legal obligations, and any continued credit reporting afterward must be supported by investigation. This interrogatory seeks to identify who at Defendant's organization, what person, made the decision to continue reporting the debt despite that dispute. The request is narrowly framed and proportional to the claims at issue.

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify the specific individual(s) who decided to continue credit reporting after Plaintiff's dispute, including their name, title, and role.

**Interrogatory 30.   Identify the dates and content of all collection communications You made to Plaintiff after receipt of her dispute.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous,
>
> overbroad, unduly burdensome, and not reasonably defined as to the terms "communications", "receipt", and "dispute. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further

**EXHIBIT A**

objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004; 0009." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory goes to the heart of Plaintiff's § 1692c(c) claim: did Defendant continue to communicate in connection with debt collection after receiving a cease request? The dates and content of such communications are critical to both liability and damages. Vague objections and claims of burden are improper.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify the dates and content of all collection communications made to Plaintiff after receipt of her written dispute.

**Interrogatory 31.   Identify all documents that refer to or reflect any investigation You conducted in response to Plaintiff's March 2, 2024 dispute letter.**

ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the term "investigation". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not

**EXHIBIT A**

proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents are attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions: Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004. Investigation continues." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory targets whether Defendant conducted any investigation in response to Plaintiff's March 2, 2024 written dispute—a critical question under the FDCPA. Defendant's obligations under 15 U.S.C. § 1692g(b) turn on the reasonableness and existence of such an investigation. Courts routinely compel this type of discovery. The terms "investigation" and "dispute" are clear and defined in statute and caselaw.

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and describe all documents reflecting or relating to its investigation of Plaintiff's March 2, 2024 dispute letter.

**Interrogatory 32.   Identify whether You believe Plaintiff owes the amount You sought to collect and identify all facts and documents supporting that belief.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving said objections, see non- privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0286. Investigation continues." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks to determine whether Defendant actually believes Plaintiff owed the amount it attempted to collect and what evidence

**EXHIBIT A**

supports that belief. That question directly implicates claims under 15 U.S.C. §§ 1692e and 1692f. Defendant cannot assert the validity of the debt and then refuse to disclose the factual basis for that assertion. Again, pointing Plaintiff to 286 pages of Bates documents is non-responsive.

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to state whether it believes Plaintiff owed the balance collected and to identify all supporting facts and documents.

**Interrogatory 33.    Identify all agreements You contend entitle You to collect the debt alleged in this matter, and produce each such agreement.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see non-privileged, responsive documents produced pursuant**

**EXHIBIT A**

to Rule 33(d)(1); specifically, IQD0001-0290." <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Defendant's entitlement to collect a debt must be based on a contract, statute, or other agreement. This interrogatory seeks disclosure of that authority. Assertions of trade secret or burden are unjustified, particularly in light of the protective order and the centrality of this issue to the claims. If Defendant has no contract, it must affirmatively say so.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and produce all agreements or documents that purport to authorize Defendant to collect Plaintiff's alleged debt.

**Interrogatory 34.    Identify all individuals who participated in drafting or reviewing any of Defendant's written communications to Plaintiff.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents are attached pursuant to Rule 33(d)(1); investigation continues.

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:** Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Plaintiff is entitled to discover who authored or reviewed Defendant's written communications to her. This information is relevant to understanding Defendant's intent, internal review process, and compliance procedures. It is also critical for identifying potential deponents. Objections based on confidentiality or burden are meritless under the standing protective order. The identities of participants in this case who were involved in handling the disputed debt are neither trade secret nor subject to global witness-protection type secrecy.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all persons involved in drafting or reviewing any written communications to Plaintiff, including their full name and job title.

**Interrogatory 35.   Identify all persons who reviewed, authorized, or approved the reporting of Plaintiff's alleged debt to any credit bureau.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this

**EXHIBIT A**

Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions: Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory is aimed at discovering who approved the reporting of Plaintiff's debt to any credit bureau. These individuals are likely to have relevant information about Defendant's decision-making process and policies. The request is narrow, relevant, and not burdensome. This is nonresponsive and part and parcel of Defendant strategy to refuse to identify the employees involved in collecting this disputed debt by name, last known address, and or other identifying demographic information.

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify the names, addresses, last known phone numbers and job titles of all persons who reviewed or authorized credit reporting on Plaintiff's account.

**Interrogatory 36.    Identify all third parties who were contacted by You in connection with Plaintiff's account, and for each, provide the date of contact, method of contact, and the substance of any communication.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not limited to the applicable time period. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non- privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004; 0287." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Communications with third parties about a consumer debt are squarely covered under 15 U.S.C. § 1692c(b). Plaintiff is entitled to know who was

**EXHIBIT A**

contacted, when, how, and what was said. The terms are not vague, and Defendant has already admitted contact with Plaintiff's employer. This interrogatory seeks to fully flesh out the scope of third-party disclosures.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all third parties contacted about Plaintiff's account, including the date, method, and substance of each communication.

**Interrogatory 37. Identify the specific legal authority You relied upon when deciding to add interest to Plaintiff's account, including statutes, case law, or contract terms.**

> ANSWER: IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case.

**Defendant's Post Meet and Confer Positions: Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, attorney work product and defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. IQ Data further objects to this request to the extent it seeks documents that are confidential and/or proprietary or otherwise constitute a trade secret. Subject to and without waiving said objections, see Minn. Stat. § 334.01." The amended, unverified response**

**EXHIBIT A**

<mark>is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** This interrogatory seeks the legal authority upon which Defendant relied to assess interest against Plaintiff. That authority—or lack thereof—is directly relevant to Plaintiff's FDCPA and state-law claims. The request is limited in scope and calls for legal sources already known to Defendant. It is not unduly burdensome.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all statutes, case law, contractual provisions, or other authority it relied on to justify assessing interest on Plaintiff's account.

**Interrogatory 38.   Identify all documents in which You disclosed to Plaintiff that interest would be added to the account balance.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not limited in time to the relevant time period. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents attached pursuant to Rule 33(d)(1); specifically, IQD0009-0012."** <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Plaintiff is entitled to know whether she was ever notified that interest would be added to her balance. This interrogatory seeks those documents, if

**EXHIBIT A**

they exist. Defendant cannot collect interest without disclosing its intention to do so. These are material misrepresentation claims under 15 U.S.C. § 1692e(2) and (10).

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify all documents that notified Plaintiff interest would be added to her account balance.

**Interrogatory 39.  Identify the name and job title of each person who made the decision to continue collecting on Plaintiff's account after receiving her March 2, 2024 dispute letter.**

> ANSWER:     IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the term "collecting". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with Defendant for further review and verification. If this**

**EXHIBIT A**

**amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks to identify the person(s) who authorized continued collection activity after Plaintiff's March 2, 2024 dispute and cease communication request. If such individuals exist, they are central witnesses in this litigation. Defendant cannot claim it acted properly and simultaneously hide who made the decision.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify the name and job title of each individual who approved continued collection efforts following receipt of Plaintiff's March 2, 2024 letter.

**Interrogatory 40.   Identify all call notes, internal account records, or notations made regarding Plaintiff's account from the date it was opened through the present.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome, and not reasonably defined as to the term "opened". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory requests a complete identification of call notes and account notations—standard categories of evidence in debt collection cases. These records are routinely produced in litigation and will show how Defendant handled Plaintiff's account. There is no undue burden in identifying records that are already maintained by Defendant.

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify all call notes, internal account records, and related notations on Plaintiff's account from inception to present.

**Interrogatory 41.   Identify the name and contact information of any person who accessed or reviewed Plaintiff's credit file on behalf of Defendant.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not limited in time to the relevant time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:** Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Answering further, none. Investigation continues." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Plaintiff is entitled to know who accessed or reviewed her credit file. These individuals are key witnesses for determining whether any permissible purpose existed under the Fair Credit Reporting Act, 15 U.S.C. § 1681b. The identity of such individuals is neither privileged nor unduly burdensome to disclose.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify by name and contact information each person who accessed or reviewed Plaintiff's credit file on Defendant's behalf.

**Interrogatory 42.    Identify the name and job title of each person who determined how Plaintiff's debt would be reported to credit bureaus.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**EXHIBIT A**

**Defendant's Post Meet and Confer Positions:** Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004." <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** This interrogatory seeks to discover who was responsible for determining how Plaintiff's debt would be reported to credit bureaus. That decision is central to the alleged violations of the FDCPA. The requested information is factual, directly relevant, and not protected by privilege.

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify all persons who determined the format and content of the credit reporting on Plaintiff's debt, including their job titles.

**Interrogatory 43.   Identify and describe each instance in which You called or attempted to call Plaintiff's employer, including the date, time, content of the call, and the person who placed or approved the call.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome, and not reasonably defined as to the term "employer". Subject to and without waiving said objections, see non-

**EXHIBIT A**

privileged, responsive documents attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0004."** <mark>**The amended, unverified response is with Defendant for further review and verification.**</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Calls to an employer implicate 15 U.S.C. § 1692c(b), which prohibits third-party disclosure of debts. Plaintiff is entitled to know if such calls occurred, who placed them, and their content. The request is narrow and factual. Boilerplate objections about vagueness and burden are not sustainable.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify each instance in which it contacted Plaintiff's employer, including the date, time, content of the communication, and who authorized or made the call.

**Interrogatory 44.   Identify and describe each system, software, or vendor You used to skip-trace Plaintiff, locate her employment information, or otherwise investigate her whereabouts or financial status.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further

- 88 -

**EXHIBIT A**

objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Skip-tracing and employment-location efforts often violate the FDCPA, particularly if based on incorrect or outdated data. This interrogatory is designed to uncover the tools Defendant used and assess whether their use was reasonable. Courts routinely compel this type of information, and any trade secret concerns are moot under the existing protective order.

**Defense position:** Same as Interrogatory #4 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all systems, vendors, or software used to locate Plaintiff's employment or personal information, including skip-tracing tools.

**EXHIBIT A**

**Interrogatory 45.   Identify each third party (including vendors, contractors, or affiliated entities) who received any data from You about Plaintiff's account.**

ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not limited in time to the relevant time period. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret. Subject to and without waiving said objections, see non-privileged, responsive documents are attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "See non-privileged, responsive documents are attached pursuant to Rule 33(d)(1); specifically, IQD0001-0004." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Disclosure of consumer data to third parties is highly regulated under the FDCPA and common law privacy doctrines. Plaintiff is entitled to know who received her account data, when, and for what purpose. This is critical to determining the scope of publication and potential liability.

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff requests an order compelling Defendant to identify each third party that received any data related to Plaintiff's account, including vendors, contractors, or affiliates.

**Interrogatory 46.    Identify and describe Your procedure for determining whether a debt has been disputed prior to furnishing information about it to a credit bureau.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks to determine what procedures Defendant has in place to flag disputed accounts before furnishing information to credit

**EXHIBIT A**

bureaus. This is directly relevant to 15 U.S.C. § 1681s-2 and 15 U.S.C. § 1692e(8). The term "disputed" is statutorily defined and not vague.

**Defense position:** Same as Interrogatory #4 (Scope, Commercially Sensitive Information, Trade Secrets)

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify and describe in detail all procedures it follows to determine whether a debt is disputed before reporting it to a credit bureau.

**Interrogatory 47.   Identify each complaint You have received from any consumer, regulator, or agency regarding the addition of unauthorized interest to a consumer debt.**

> ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged, and/or otherwise constitutes a trade secret.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome.  IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and it is not proportional to the needs of the case.  IQ Data also objects on the basis that Plaintiff is requesting information to which it has at least**

**<u>EXHIBIT A</u>**

**equivalent access in that all the information requested in this Interrogatory is publicly available.”** <mark>**The amended, unverified response is with Defendant for further review and verification.**</mark> **If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** Consumer complaints alleging improper interest charges are directly relevant to Plaintiff's allegations. This interrogatory is tailored to a discrete issue and is not unduly burdensome. Defendant's institutional knowledge of complaints— both internal and through regulators—is discoverable.

**Defense position:** This request goes far beyond the scope of discovery as broadly defined in Rule 26.  Evidence of other complaints against Defendant is inadmissible under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior lawsuits or claims are evidence of the validity of the Plaintiffs' current claims. Pursuant to Rule 404(b), “[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.” Fed. R. Evid.404(b). Rule 404 therefore precludes Plaintiff from introducing past complaints or claims made or orders entered against Defendant as a means to establish that IQ Data violated the FDCPA in this case. Finally, while much of the information sought by this request is available from a review of public records, determining whether a consumer made some sort of complaint will entail file-by-file reviews of consumer accounts. Requiring Defendant to produce documents under such circumstances would result in an undue burden.

**EXHIBIT A**

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all complaints received from consumers, regulators, or agencies regarding unauthorized interest charges on debts.

**Interrogatory 48.   Identify whether You contend that Plaintiff entered into any written agreement with You or with any entity You represent authorizing debt collection or interest, and identify any such agreement by date, parties, and location.**

>     ANSWER:    IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Subject to and without waiving said objections, see non-privileged, responsive documents are attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0043-154; 175-286." The amended, unverified response is with Defendant for further review and verification. If this**

**EXHIBIT A**

amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Plaintiff challenges Defendant's authority to collect or add interest. This interrogatory asks whether Plaintiff ever agreed to those terms and seeks any supporting documentation. These facts are central to the case. If no such agreement exists, Defendant must affirmatively say so.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to state whether Plaintiff ever entered into a written agreement authorizing interest or collection by Defendant, and to identify such documents if they exist.

**Interrogatory 49.   Identify all facts You rely upon to assert that Plaintiff had actual or constructive notice that interest would be added to her account.**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving said objections, see non- privileged, responsive documents are attached pursuant to Rule 33(d)(1); investigation continues.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. Subject to and without waiving said objections, see the non-privileged, responsive documents produced**

- 95 -

**EXHIBIT A**

pursuant to Rule 33(d)(1); specifically, IQD0009-0012; 0041-0286." <mark>The amended, unverified response is with Defendant for further review and verification.</mark> If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.

**Plaintiff's Legal Arguments:** Plaintiff's actual or constructive knowledge of interest being added is a contested issue. Defendant's basis for asserting such knowledge must be disclosed. This interrogatory does not call for a legal conclusion but for facts underlying Defendant's assertions.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to identify all facts supporting its assertion that Plaintiff had actual or constructive notice that interest would be added.

**Interrogatory 50.   Identify all actions You took to investigate whether Plaintiff's March 2, 2024 letter was a valid cease communication request under 15 U.S.C. § 1692c(c).**

> ANSWER:   IQ Data objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably defined as to the terms and phrases "investigate", "valid", or "cease communication request". IQ Data also objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case. IQ Data further objects to this Interrogatory to the extent it seeks information that is confidential, privileged and/or otherwise constitutes a trade

**EXHIBIT A**

secret. IQ Data also objects to this Interrogatory to the extent it improperly seeks a legal conclusion.

**Defendant's Post Meet and Confer Positions:  Defendant has amended its answer to read as follows "ANSWER:     To the extent that Plaintiff's definition of "You" encompasses defense attorneys, IQ Data objects to this Interrogatory to the extent it seeks the identification of information that is confidential and/or privileged, more specifically, defense counsel's notes and written communications with their client, as detailed in the privilege log produced concurrently with these responses. IQ Data also objects to this Interrogatory to the extent it improperly seeks a legal conclusion. Subject to and without waiving said objections, see the non-privileged, responsive documents produced pursuant to Rule 33(d)(1); specifically, IQD0001-0005; 0041-0286." The amended, unverified response is with Defendant for further review and verification. If this amendment still leaves concerns, defense counsel is available for an additional meet-and-confer.**

**Plaintiff's Legal Arguments:** This interrogatory seeks to determine what steps, if any, Defendant took to evaluate Plaintiff's March 2, 2024 letter as a valid cease communication request under 15 U.S.C. § 1692c(c). The obligation to cease contact is triggered by such a request, and Defendant must disclose how it evaluated and responded to the letter.

**Specific Relief Sought:** Plaintiff seeks an order compelling Defendant to describe all actions it took to determine whether Plaintiff's March 2, 2024 letter was a valid cease communication request under the FDCPA.

**EXHIBIT A**

**Plaintiff's Legal Arguments:** This request seeks complaints submitted to regulators concerning Defendant's debt collection practices, including but not limited to allegations of unauthorized interest charges. These documents are relevant to show pattern, notice, willfulness, and support for punitive damages. Defendant's objections are meritless where the request is narrowly tailored to complaints concerning similar conduct within a reasonable five-year time frame. Courts regularly compel similar productions in FDCPA cases. Any privacy or confidentiality concerns are fully mitigated by the protective order in this case.

**Defense position:** This request goes far beyond the scope of discovery as broadly defined in Rule 26. Evidence of other lawsuits or claims against Defendant is inadmissible under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior lawsuits or claims are evidence of the validity of the Plaintiffs' current claims. Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.404(b). Rule 404 therefore precludes Plaintiff from introducing past complaints or claims made or orders entered against Defendant as a means to establish that IQ Data violated the FDCPA in this case. Finally, much of the information sought by this request is available from a review of public records, the cost of which can be borne by Plaintiff as readily as Defendant, and requiring it to produce documents under such circumstances would result in an undue burden.