**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly,<br><br>      Plaintiff,<br><br>v.<br><br>I.Q. Data International, Inc., and<br><br>Liberty Mutual Insurance Company,<br><br>      Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><u>**SUPPLEMENTAL**</u><br>**DECLARATION OF**<br>**PETER F. BARRY** |

I, Peter F. Barry, Esq. declare as follows:

1. I am counsel for Plaintiff in the above-captioned matter. I submit this supplemental declaration to provide the Court with newly arisen facts relevant to Plaintiff's pending motion for contempt against Defendant I.Q. Data International, Inc. ("IQ Data").

2. Attached as **Exhibit D** is a true and correct copy of an email from Krista Easom, counsel for IQ Data, sent on July 23, 2025, wherein counsel for IQ Data offered to provide the Court-ordered insurance agreement and employee names and addresses *if* Plaintiff would agree to withdraw the contempt motion. (Highlights added.)

3. Attached as **Exhibit E** is a true and correct copy of a July 29, 2025 follow-up email from Ms. Easom, wherein counsel for IQ Data offered to provide the Court-ordered insurance agreement and employee names and addresses *if* Plaintiff would agree to withdraw the contempt motion. (Highlights added.)

4. Plaintiff submits these documents as further support for her position that Defendant's willful conduct warrants the finding of contempt, as it reflects an intentional delay in compliance and a willful disregard for the authority and deadlines imposed by this Court.

5. Defense counsel is now attempting to induce Plaintiff's counsel into retroactively authorizing Defendant's noncompliance with this Court's Order by proposing a quid pro quo—offering to possibly produce the court-ordered documents belatedly, but only on the condition that Plaintiff withdraw the pending motion for contempt.

6. As an officer of the Court, I will not condone or incentivize a party's continued willful noncompliance with a clear judicial order. Agreeing to such a bargain would risk undermining the integrity of Rule 37 enforcement, compromise my ethical duty to uphold the rule of law, and effectively reward a party for disregarding a binding court order. Discovery obligations and Court orders are not negotiable.  Court orders are not bargaining chips to be traded when enforcement is threatened.

7. As of this writing, Defendant is still in defiance of this Court's order at ECF No. 59.

I declare under penalty of perjury that the foregoing is true and correct.

                                       Respectfully submitted,

Dated: July 29, 2025                  **THE BARRY LAW OFFICE, LTD**

                                       By:  s/ Peter F. Barry
                                       Peter F. Barry, Esq.
                                       Attorney I.D.#0266577
                                       1422 Asbury Street
                                       St. Paul, MN 55108-2434
                                       Telephone:  (612) 379-8800
                                       pbarry@lawpoint.com

-3-

**SAVAGE-WESTRICK, PLLP**

Samuel A. Savage, Esq.
Attorney I.D.# 0395638
900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423
savage@savagewestrick.com

***Attorneys for Plaintiff***