UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Faith Stekly,<br><br>        Plaintiff,<br><br>v.<br><br>I.Q. Data International, Inc., and<br><br>Liberty Mutual Insurance Company,<br><br>        Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><br>**MEMORANDUM OF LAW** |

## I. INTRODUCTION

Defendant I.Q. Data international, Inc. is seeking to subpoena "any and all documents, including but not limited to the entire personnel file, for Faith Stekly, including all records related to any warnings, disciplinary notices, termination, and performance reviews[.]" *Declaration of Peter F. Barry*, ¶2, Ex. A. Plaintiff Faith Stekly now moves this Court for a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent the enforcement of that third-party subpoena to be served by Defendant I.Q. Data International, Inc. on International Paper. The subpoena seeks Plaintiff's confidential personnel and employment records that are irrelevant to the claims asserted and have no probative value towards the claims or defenses in this matter. The materials sought have no bearing on the FDCPA and state-law claims at issue in this case, are not proportional to the needs of the litigation, and would intrude on Plaintiff's privacy and security interests.

-1-

Respectfully, the Court should quash or otherwise prohibit enforcement of the subpoena.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) limits discovery to nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Under Rule 26(c)(1), the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Rule 45 imposes parallel obligations. A party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena, and courts must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(1), (3)(A)(iii)–(iv).

The Eighth Circuit has emphasized that district courts have broad discretion to manage discovery and to issue protective orders when necessary to prevent misuse.

> The district court did no more than exercise its discretion to ensure the discovery sought was relevant or reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (stating because of liberal discovery and the potential for abuse, the federal rules "confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required").

*Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 362 (8th Cir. 2003). And,

> There is a strong tradition of preserving the confidentiality of a person's salary information. *Dorchy v. Washington Metropolitan Area Transit Authority,* 45 F.Supp.2d 5, 15 (D.D.C.1999); *Onwuka v. Federal Express Corp., et. al.,* 178 F.R.D. 508, 517–18 (D.Minn.1997). **Although personnel files may be discoverable, they contain confidential information and discovery of them**

**should be limited.** *Northern v. City of Philadelphia,* 2000 WL 355526, \*3 (E.D.Pa. Apr.4, 2000).

*George v. Indus. Maint. Corp.,* 305 F. Supp. 2d 537, 541 (D.V.I. 2002)(emphasis added).

## III. ARGUMENT

### A. Plaintiff's employment records are irrelevant to any claims or defenses.

The operative pleadings allege that Defendants violated the FDCPA by (1) continuing collection activity after Plaintiff's written cease request, (2) attempting to collect unauthorized interest, and (3) engaging in unlawful third-party communications. Defendant I.Q. Data International, Inc. made at least one phone call to Plaintiff's employer, but Plaintiff has not alleged that she suffered any disciplinary consequences as a result of it. A recording of that collection call to the employer has been produced by Defendant already. For her part, Plaintiff has simply alleged that her supervisor talked to her about the collection call that he received from Defendant IQ Data:

> 33.    Defendant IQDI called her employer and left a message with Plaintiff's supervisor "Sam" that included the name "Rachel from I.Q. Data" and the phone number 888- 248-2509 ext. 1358.
> 34.    Later, Plaintiff's supervisor Sam approached her and told her that she needed to for sure call this debt collector back.
> 35.    Defendant IQDI's call to Plaintiff's workplace directly resulted in reputational harm and workplace embarrassment.
> 36.    Plaintiff was forced to address this situation with her supervisor, causing distress and professional discomfort.

*Second Amended Complaint* (ECF #54). Given these narrow allegations, nothing in this case requires discovery of Plaintiff's confidential employment records. Courts in this District routinely hold that subpoenas seeking employment files are improper when employment is not at issue in the litigation.

As an initial matter, the Court reiterates that its review of the protective order is not *de novo.* **The Magistrate Judge has broad discretion to supervise the discovery matters before him.** ***See McGowan v. Gen. Dynamics Corp.,*** **794 F.2d 361, 363 (8th Cir.1986).** Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's "broad discretion ... to manage and define appropriate discovery" unless the Magistrate Judge's determinations were clearly erroneous or contrary to law. *Williams v. Ehlenz,* Civ. No. 02–978, 2004 WL 742076, at * 3 (D.Minn. Mar. 30, 2004).

**The Court concludes that the Magistrate Judge did not clearly err in determining that the information Shukh sought in the subpoenas was irrelevant. Like all other discovery, information sought in connection with expert testimony must be relevant to the claim or defense. *See* Fed.R.Civ.P. 26(b)(1).** … As to information about Dr. Bajorek's stock options dispute with IBM and his employment at Intematix, the Court finds that the Magistrate Judge did not clearly err in requiring Shukh to withdraw his subpoenas. It was not clear error to determine that Dr. Bajorek's personnel files and information about previous lawsuits that occurred in 1996 would not have bearing on his expert testimony about the inventorship of the patents on which Shukh allegedly was not named. Shukh makes only general arguments that Dr. Bajorek's personnel file and previous lawsuit containing allegations of fraud are relevant for impeachment purposes. Shukh's interpretation of relevance is far too broad, and would allow unbounded discovery into any and all aspects of Dr. Bajorek's life that could possibly bear on his truthfulness. **Shukh has demonstrated no connection between Dr. Bajorek's personnel file or the dispute with stock options that bears directly upon the issues presented in this case.**

*Shukh v. Seagate Tech., LLC,* 295 F.R.D. 228, 238 (D. Minn. 2013)(emphasis added).

Moreover, the Eighth Circuit has recognized that trial courts should consider proportionality and burden when assessing discovery methods like subpoenas.

Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. *Kramer v. Boeing Co.,* 126 F.R.D. 690, 692 (D.Minn.1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), *Oppenheimer Fund, Inc.*

*v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), *Culligan v. Yamaha Motor Corp., USA,* 110 F.R.D. 122 (S.D.N.Y.1986), **this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.**

*Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992)(emphasis added). Here, Plaintiff's wages, performance evaluations, or personnel records at International Paper shed no light on whether Defendant IQ Data's collection conduct violated federal law.

**B. The subpoena is disproportionate and intrusive under Rule 26(b)(1).**

Rule 26 requires courts to weigh the importance of the issues at stake, the relative access to information, and whether the burden or expense of discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Employment files typically include Social Security numbers, tax records, health insurance information, and other highly personal material. Requiring International Paper to disclose this information would impose significant privacy harms on Plaintiff with no countervailing probative evidentiary value.

**C. A protective order is necessary to prevent annoyance, embarrassment, and undue burden.**

The plain language of Rule 26(c) authorizes courts to protect a party from annoyance and embarrassment. Plaintiff's employment records are inherently highly personal and sensitive, and their disclosure to her adversary would invite precisely that type of harm. Because the subpoena has no legitimate or probative connection to the claims or defenses in this litigation, a protective order is warranted. Plaintiff not claiming lost wages, termination, demotion, or disciplinary consequences as a result of this collection

call. She is simply alleging that the call and message to her supervisor was an embarrassing, invasive, and illegal communication with a third party in an attempt to collect a debt—all done in violation of the FDCPA.

In short, Defendant now seeks to do precisely what the FDCPA forbids—communicate with a consumer's employer—by attempting an end run through subpoena power to harass Plaintiff and obtain her private, confidential employment records which have no bearing on any claims or defenses in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for a protective order, quash or otherwise prohibit the enforcement of the subpoena directed to International Paper, and award such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 11, 2025

**THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**
Samuel A. Savage, Esq.
Attorney I.D.# 0395638
900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423

savage@savagewestrick.com

***Attorneys for Plaintiff***