**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly, <br><br> Plaintiff, <br><br> v. <br><br> I.Q. Data International, Inc., and <br><br> Liberty Mutual Insurance Company, <br><br> Defendants. | Case No.: 0:25-cv-216-ECT-DLM <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SANCTIONS FOR DEFENDANT'S VIOLATION OF THE PROTECTIVE ORDER, LOCAL RULE 5.6, AND FEDERAL RULE OF CIVIL PROCEDURE 5.2** |

## I. INTRODUCTION

Defendant I.Q. Data International, Inc. ("IQ Data") flagrantly disregarded this Court's Protective Order, Local Rule 5.6, and Federal Rule of Civil Procedure 5.2 by filing 224 pages of unredacted confidential materials—including Plaintiff's utility bills and full consumer credit reports from Equifax, Experian, and TransUnion—directly on the public docket. ECF #94-2. These documents were clearly marked "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" but nonetheless were made publicly accessible on PACER without redactions, without any motion to seal, without the filing of a redacted version, and without conferral with Plaintiff's counsel. Defendant also filed a copy of interrogatory responses which failed to redact, Plaintiffs date of birth and the last four of her Social Security number.  ECF #94-1.

Defendant's actions jeopardize Plaintiff's most sensitive personal and financial information, undermine the integrity of this Court's orders, and erode public confidence in the Court's ability to safeguard confidential materials. Sanctions are necessary both to remedy the harm and to deter future violations.

-1-

## II. LEGAL STANDARD

### A. Protective Orders and Rule 37(b)

A protective order entered by the Court has the full force of law. A party's violation of such an order constitutes sanctionable conduct under Federal Rule of Civil Procedure 37(b)(2), which authorizes the Court to impose sanctions for failure to obey a discovery order, including striking filings, precluding the use of improperly filed materials, awarding attorney's fees, and imposing other appropriate remedies.

### B. Local Rule 5.6

Local Rule 5.6 strictly governs the filing of confidential materials. It requires that any document designated as confidential under a protective order be filed under **temporary seal**, with a contemporaneous redacted public version or a statement that redaction is impracticable. Continued sealing must then be addressed through joint motion. Defendant's unilateral public filing of unredacted confidential materials violated both the letter and spirit of this rule.

### C. Federal Rule of Civil Procedure 5.2

Rule 5.2 requires parties to redact personal identifiers—including dates of birth, financial account numbers, and other sensitive personal information—before filing documents with the Court. Defendant's submission of complete Experian, Trans Union, and Equifax consumer credit reports and utility bills in unredacted form contravenes this mandatory rule.

### D. Court's Inherent Authority

Beyond the Federal Rules, the Court retains inherent authority to impose sanctions for conduct that abuses the judicial process, including the reckless disclosure of confidential and sensitive information.

## III. ARGUMENT

**A. Defendant Violated the Protective Order by Publicly Filing "Confidential" Documents**

Every page of the 224-page exhibit was stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The Protective Order expressly bars such materials from being filed publicly except under seal. By filing the documents on PACER without redactions or sealing, Defendant directly contravened the Court's order. Courts routinely sanction such conduct because protective orders exist to prevent precisely this type of disclosure.

**B. Defendant Violated Local Rule 5.6**

Local Rule 5.6 required Defendant to file the materials under temporary seal with redacted versions or a statement of impracticability. Defendant did neither. Defendant also failed to initiate the joint motion process required under Rule 5.6(d)–(e). This failure deprived Plaintiff of the opportunity to be heard before her most sensitive records were exposed to the public.

**C. Defendant Violated Rule 5.2 by Failing to Redact Personal Identifiers**

The materials filed include Plaintiff's credit reports from Equifax, Experian, and TransUnion (ECF #94-2, pp. 122-217) as well as utility bills, all containing personal identifiers and financial account information. Rule 5.2 categorically prohibits filing this information without redaction. Defendant's filing was not an oversight but a wholesale disregard of the rule, compounding the violation of the Protective Order.

**D. Sanctions Are Warranted to Remedy the Harm and Deter Future Misconduct**

Defendant's actions caused irreparable harm by placing Plaintiff's personal and financial information into the public record. The Court should impose sanctions to (1) remediate the disclosure, (2) compensate Plaintiff for the costs of addressing the violation, and (3) deter Defendant and others from disregarding protective orders and filing rules in the future.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court impose the following sanctions:

1. Immediate sealing and striking of the improperly filed exhibits from the public docket;

2. Monetary sanctions requiring Defendant to pay Plaintiff's reasonable attorneys' fees and expenses incurred in addressing this violation, pursuant to Rule 37(b)(2)(C);

3. Preclusion order barring Defendant from using or relying upon the improperly filed documents in support of its opposition to Plaintiff's motion for protective order;

4. Admonition or contempt sanction against Defendant for willful violation of the Protective Order; and

5. Any further relief the Court deems just and appropriate under its inherent authority.

## V. CONCLUSION

Defendant's unauthorized public filing of Plaintiff's confidential and unredacted personal records is a serious violation of the Protective Order, Local Rule 5.6, and Rule 5.2. Sanctions are necessary to protect Plaintiff, uphold this Court's authority, and deter further abuse. Plaintiff respectfully requests that the Court grant this motion in full.

Respectfully submitted,

Dated: September 17, 2025

**THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**
Samuel A. Savage, Esq.
Attorney I.D.# 0395638

900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423
savage@savagewestrick.com

***Attorneys for Plaintiff***