# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly,<br><br>       Plaintiff,<br>v.<br><br>IQ Data International, Inc. and Liberty Mutual Insurance Company,<br><br>       Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><br>**PLAINITFF'S RESPONSES TO INTERROGATORIES FROM DEFENDANT IQ DATA INTERNATIONAL, INC.** |

As and for Plaintiff's Responses to Defendant IQ Data International, Inc.'s first set of interrogatories ("Interrogatories") to Plaintiff, Plaintiff states and alleges as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to these Interrogatories to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, or any other applicable rules and statutes. Plaintiff will respond to each of the Interrogatories in accordance with the requirements of the Federal and Local Rules.

2. Plaintiff objects to these Interrogatories to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to these Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided. In the event of an inadvertent

- 1 -

disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, this shall not constitute a waiver by Plaintiff of such protections.

4. In response to these Interrogatories, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

5. Plaintiff objects to these Interrogatories to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

6. Plaintiff objects to any Interrogatory that employs imprecise specifications of the information sought as vague and ambiguous.

7. Plaintiff objects generally to the definitions provided by Defendant and will respond only using the plain-English meanings of words and phrases used by Defendant in its Requests. Specifically, the terms "Plaintiff," "you, and "your" will be interpreted and used herein to mean the named Plaintiff.

8. Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9. The following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on Plaintiff's further discovery, or facts or circumstances that may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend or otherwise revise these Responses to Defendant's

Requests in accordance with Fed. R. Civ. P. 26(e).

10. This set of discovery propounded by Defendant exceeds the permissible number of discovery devices permitted by the court's pretrial order in this matter because it uses devices that are variously compound, contain multiple subparts, are conjunctive and/or disjunctive in nature.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Please state: (a) your full name along with any other the name(s) by which you, Faith Stekly, have ever been known, (b) your date of birth, and (c) your social security number.

**RESPONSE:**

a)  Faith Elizabeth Stekly, I have never been known by any other name.

b)  ███████████

c)  ███████████

**INTERROGATORY NO. 2**

Please identify the name of your current employer, your prior employer(s) from for the past five years, and any schools you attended for the past five years. Please include the name of the employer/school, the address, the telephone number, the position you held, the dates of employment, and your supervisor's name.

**RESPONSE:**

**Current employer:** ███████████████████████

- 4 -

██████████████████████████████████████████████

███████████

**Prior employer:**  International Paper, 350 North Co. Drive NE, Fridley, MN 55432. Position: Strapper.  Began working sometime in early 2021 or 2022, stopped working in May of 2024. Supervisors name: Sam (last name unknown).

**Prior to International Paper:** Amazon for several months before working at international paper.  Position believe to be stowing.  Does not recall exact address, but had worked in Brooklyn park and Shakopee.  Do not recall supervisors' names.

**INTERROGATORY NO. 3**

Please identify all addresses you have lived for the past five years, including the lease term associated with each address, the person/entity contracted with, and the names of the people you lived with, including their contact information (telephone number, email address, and current home address).

**RESPONSE:**

██████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████

██████████████████████████████████████████████

██████████████████████████████████████████████.

██████████████████████████████████████████████

- 5 -

█████ ███████████████████████████████████████████████████

████████████████████████████████████████████3.

█████ ███████████████████████████████████████████████████

██████████████████████████████████████████

█████ ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████

## INTERROGATORY NO. 4

Please identify (inclusive of case name, number, location, parties and attorneys) any arbitrations, mediations, bankruptcies, other lawsuits and petition filings in which you were a named party, either as a plaintiff or defendant, including any class action lawsuits in which either you served as a representative plaintiff or class member.

## RESPONSE:

a) Oaks Properties LLC v. Faith Stekly, 27-CO-23-6230. Plaintiff represented by Norman Bjornnes.

b) Oaks properties LLC v. Faith Stekly, 27-CV-24-1952. Plaintiff represented by Norman Bjornnes and John Mulligan

## INTERROGATORY NO. 5

Please describe all crimes, whether felony or misdemeanor, that you have ever been arrested for, charged with, arraigned, and/or convicted of.

**OBJECTION:** Under Minnesota law a petty misdemeanor does not constitute a crime. Minn. Stat. §609.02

**RESPONSE:** I have never been convicted of a crime. I have several petty misdemeanor convictions for driving and parking related matters.

**INTERROGATORY NO. 6**

With respect to the actual damages sought by you in this lawsuit: (a) specify all the damages you seek in this matter; (b) explain in detail how you calculated such damages; (c) specify attorney's fees and costs incurred to date (including your attorney's hourly rate); and (d) identify all documents which relate to such claim for damages.

**RESPONSE:**

Much of the damages sought here are indeterminate and not subject to a simple calculation. A jury will determine my actual and $1,000 in statutory damages. Those damages include reputational harm and workplace embarrassment, including other co-workers making comments about how I am broke. This was particularly embarrassing for me to hear, from my supervisor, who delivered the message left by Defendant I.Q. Data International's collector Rachel. It caused stress at my workplace, and I was worried I would receive some sort of reprimand. I also felt very angry that the debt collector was calling my employer.

I felt anxious about this being on my credit report, having to dispute that and take the time to get that done made me feel anxious. It also made it harder to find a new place to rent. I have been unable secure a lease on my own since them. I also sent a letter asking IQ Data to let them know that I did not owe the debt, that the debt was invalid, and that I would not

- 6 -

pay.  I told them if they wanted to discuss any of this with me that they should do so via email.  I asked that because, at the time, I was living with my mother and did not want her to know about this supposed debt, seeing the mail from a debt collector, and knowing about this.  It caused me great stress and anxiety to get a letter from them after I specifically told them to only contact me via email. My attorneys have provided that letter that I.Q. Data sent. I have felt sad and anxious that I have been unable to qualify for housing for me and my daughter, who is under one year old, because Defendant I.Q. Data has placed this on my credit report and continues to increase the balance of this dent that I vehemently dispute.

My current attorneys' fees and their attorney's hourly rates are attached to my Reponses to Defendant's Request for Production of Documents and will be the subject of the Court's determination.

## INTERROGATORY NO. 7

Please identify each and every individual whom you expect to depose and to call to testify as a witness at trial of this case, including expert witnesses, and describe:

a. the substance of the facts and opinions to which each expert is expected to testify;

b. a summary of the grounds for each opinion of each such expert; and

c. whether any such expert has rendered a written report with regard to any matters involving this lawsuit.  If so, identify each such report.

In responding to this Interrogatory, please also provide the last known address, email address, and telephone number of each such witness, if known.

## OBJECTION:

Plaintiff objects to this Interrogatory on the grounds that it is premature and seeks information protected under Rule 26(a)(3) of the Federal Rules of Civil Procedure, which governs pretrial disclosures and establishes the timeline for identifying trial witnesses. This Interrogatory improperly demands expert disclosures and summaries of opinions before the deadlines established by the Court's scheduling order and Rule 26(a)(2), and it seeks premature disclosure of Plaintiff's trial strategy.

Plaintiff further objects to the extent this Interrogatory seeks the identities, contact information, or anticipated testimony of witnesses who may be called solely for impeachment or rebuttal, the disclosure of whom is not required until later under Rule 26(a)(3).

Subject to and without waiving these objections, Plaintiff will comply with all disclosure obligations under Rules 26(a)(1), 26(a)(2), and 26(a)(3) at the appropriate times as set forth in the Federal Rules of Civil Procedure and the operative Scheduling Order. Plaintiff will supplement this response in accordance with Rule 26(e) as additional information becomes available.

**RESPONSE:** Notwithstanding and without waiving the forgoing objection, Plaintiff intends to call:

**Plaintiff.** Testimony would include all the facts alleged in the complaint including, but not limited to, feeling embarrassed, uncomfortable, anxious, depressed, and upset at receiving the message from her supervisor at International Paper. When she called back and discovered that she was being pursued for a debt by IQ data she felt upset and anxious. That when she wrote the letter refusing to pay she was hoping that the Defendant would drop this

- 8 -

debt from her report. When she found out that they reported it to the credit bureaus she felt anxious and hopeless. At one point she contacted a lawyer to tell the defendant that they had to stop, at the time she was feeling hopeless because she was unable to get housing and she was living in a really bad living situation that was not a healthy or safe environment.

**Ayla Fox**. Last known address and telephone number are unknown. Defense counsel has declined to provide that information in its initial disclosures.  She will testify to the debt collection efforts by the defendant.

**Rachel Lynn Holloway.** Last known address and telephone number are unknown. Defense counsel has declined to provide that information in its initial disclosures. It is anticipated that she will testify to the debt collection efforts including calling Plaintiff's employer and misrepresenting the nature of the call. Mailing a debt collection letter to Plaintiff after being told not to contact her.

**Nick James Ferguson.**  Last known address and telephone number are unknown. Answered the phone when Plaintiff called back, quickly transferred her.

**Sam (Unknown Last Name).** Plaintiffs former employer from International Paper last known address and telephone number unknown. Believe that he would testify to receiving the message and forwarding it to Plaintiff.

**Reggie Jones.**  First shift supervisor at International Paper.  Last known address and telephone number are unknown. Actually took the message from Defendant I.Q. Data's Rachel and passed it along to Sam.

**INTERROGATORY NO. 8**

Please identify the names of anyone who has knowledge of the allegations you make

against IQ Data and anyone who has knowledge of the damages you claim to suffer, including, name, relationship to you, contact information (address, telephone number, email address), and the facts to which each person possesses knowledge.

**RESPONSE:** Plaintiff has spoken to a housing service through Medicaid that she knows as housing stabilization services she has told representatives there that this debt is on her credit report and is causing problems.

## INTERROGATORY NO. 9

If you are alleging the Debt is not owed, please identify the basis behind your allegation that the Debt was not owed and valid.

**RESPONSE:** I simply do not owe the money. Any of this alleged debt stems from an apartment that I rented which apparently claims that I damaged the apartment. I deny that I damaged the apartment and that any of the claimed damages here are a result of ordinary wear and tear. I have video of when I moved out showing a lack of damage. I received an accounting after I moved out saying that they were keeping my security deposit, and that I owed more money, I dispute that I owe that at all.

## INTERROGATORY NO. 10

Please identify any and all documents you sent to IQ Data to demonstrate the Debt was not owed and/or valid. Please include the dates each document was sent, the method of communication (i.e. email vs. mail), and the content of the document sent.

**RESPONSE:** I did not send any documents to IQ data, only dispute letters.

## INTERROGATORY NO. 11

Please identify all actions, if any, that you filed against any entity and any actions,

complaints, and petitions, filed against you related to your debt. Please include the filing date, case number, and venue.

**OBJECTION:** This interrogatory assumes the validity of the debt, which Plaintiff disputes. Subject to and without waiving any objection Plaintiff answers:

**RESPONSE:** Aside from this action all I have done is write one credit bureaus to dispute this debt. It was then taken off that credit bureau and the Defendant reported it to another credit bureau. I still need to dispute it with the other credit bureaus.

**INTERROGATORY NO. 12**

Please identify all communications and documents exchanged between you and IQ Data. Please include the date and nature of each communication, to whom it was sent, and the method of communication.

**OBJECTION:** This interrogatory assumes the validity of the debt, which Plaintiff disputes. Subject to and without waiving any objection Plaintiff answers:

**RESPONSE:**

On March 2, 2024 I sent a letter via certified mail to Defendant at P.O. box 340 Bothell, WA 98041. On March 18, 2024 Defendant sent me a collection demand letter that purported to be a validation of the debt. I moved out from Lexi on February 19, 2024 Rachel Holloway called my employer and left a message two weeks after that. I called back, spoke briefly with Mr. Ferguson, and was transferred to Ms. Holloway. I explained to her that my employer should not be called and that I did not owe this debt. I called back later and spoke to Ms. Fox to tell her that she should not call my employer and to stop contacting me.

I then had a lawyer, Sandra Woessner, send a letter demanding that they stop

- 11 -

contacting me and that I did not owe, and would not pay this alleged debt.

**INTERROGATORY NO. 13**

Please identify all communications and documents exchanged between you and any entity from January 1, 2023 to present related to your debt and monies owed. Please include the date and the nature of each communication, to whom it was sent, and the method of communication.

**OBJECTION:**   Plaintiff objects to this request on multiple grounds.

First, the request is overbroad, unduly burdensome, and not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The demand for the identification of *"all communications and documents exchanged between [Plaintiff] and any entity from January 1, 2023 to present related to [Plaintiff's] debt and monies owed"* encompasses an unbounded category of communications and documents that are not limited to the parties, the claims, or defenses in this action. It would require Plaintiff to identify and summarize all correspondence with creditors, debt collectors, financial institutions, or other entities—regardless of relevance, relationship to the claims at issue, or whether the communication involved this Defendant.

Second, the request fails to describe the documents or categories of information sought with reasonable particularity as required by Rule 34(b)(1)(A). Terms such as *"any entity,"* *"related to your debt,"* and *"monies owed"* are vague, ambiguous, and undefined, leaving Plaintiff unable to determine the scope of the request with clarity or precision. It is unclear whether the request is limited to debts referenced in the pleadings or seeks information about unrelated personal, medical, or financial obligations.

- 12 -

Third, the request seeks information that is not relevant to any party's claim or defense, and its likely benefit is outweighed by the burden and expense of compliance. Plaintiff's private financial communications with nonparties who are not connected to this case are not at issue, and the request amounts to a fishing expedition. Compliance would require Plaintiff to review every record of financial communication across multiple platforms (email, phone, text, postal mail, and third-party portals), imposing disproportionate costs and time.

Fourth, to the extent the request seeks or would require Plaintiff to produce or identify communications involving legal counsel, legal advice, or other privileged matters, Plaintiff objects on the basis of the attorney-client privilege, the work product doctrine, and other applicable privileges and protections.

Fifth, to the extent this request seeks third-party confidential information, including banking or financial details governed by federal and state privacy protections (such as the Gramm-Leach-Bliley Act or state consumer privacy statutes), Plaintiff objects on the basis of privacy rights and will not produce such information absent a valid protective order.

**RESPONSE:**  Subject to and without waiving the foregoing objections, Plaintiff will identify responsive communications and documents related to the claims and defenses in this action between Plaintiff and Defendant, or between Plaintiff and third parties specifically and directly related to the subject matter of this litigation, at a mutually appropriate time in accordance with Rule 26(e) and the Scheduling Order.

See answer to interrogatory 12.  Also, I received an accounting from the Lexi apartments saying that they were keeping my security deposit and that I owed more money.  I believe I

responded to that email agreeing to a certain amount, but that Lexi had inflated it.

**INTERROGATORY NO. 14**

Please identify the dates you disputed the debt to any credit reporting bureau (if any), to IQ Data, and to any entity. Please include the name of the credit bureau (if applicable), the method which you disputed the debt, what was communicated, and what documents you included in your dispute.

**RESPONSE:** I believe it was Transunion sometime in 2024. I do not recall the specific date. I believe that I disputed it through their website. For the dispute with IQ data I sent the letter on March 2, 2024.

**INTERROGATORY NO. 15**

Please identify the dates you accessed your credit report from January 1, 2023 to present, your credit score(s) on each date, the platform you accessed said report, and the names of all tradelines identified on your credit report, including the debts owed for each.

**RESPONSE:** I believe that I accessed my credit report though U.S. Bank, believed it was through Transunion. I do not recall exactly when but I believe that the credit score was around 560.

**INTERROGATORY NO. 16**

Please identify the names of all other creditors appearing on your credit report(s) from January 1, 2023 to the present. Please include the name of the creditor, the amount owed, and the status of the debt.

**RESPONSE:** See my responses to Defendant's Request for Production of Documents for a listing of what is on my credit reports as of the last time I obtained them in October 2024.

- 14 -

**INTERROGATORY NO. 17**

Please identify the names of the entities where you sent credit applications, housing applications, loan applications, student loan applications, and all entities you authorized to run a credit report on you from January 1, 2023 to present (please include the date such application was sent, under what circumstances, and the response).

**RESPONSE:** I have applied for no loans or credit applications. I also believe I applied for a credit card application for some sort of department store like Marshalls or Kohls, but I do not recall exactly when. I do not recall any specific housing applications, but I believe I applied for around 10 housing applications before I gave up in September 2024.

**INTERROGATORY NO. 18**

Please explain the damage to your creditworthiness alleged in your Complaint. Please include your credit score prior to the debt being reported, your credit score after the debt was reported, and your current credit score.

**OBJECTION:** Plaintiff objects to this Interrogatory on several grounds.

**First**, this request is overbroad, unduly burdensome, and not proportional to the needs of the case within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure. The request for Plaintiff's exact credit scores prior to, after, and currently constitutes an invasive inquiry into private financial data that exceeds the scope of discovery relevant to the claims or defenses in this action. Iy also seeks information that Plaintiff does not have.

**Second**, Plaintiff objects on the grounds that the request seeks confidential and proprietary financial information that is not necessary to establish damage to

- 15 -

creditworthiness. Credit scores are calculated using proprietary algorithms held by private credit reporting agencies, are subject to fluctuation based on numerous variables, and do not themselves represent the full scope of a consumer's credit reputation or financial harm.

**Third**, this Interrogatory is vague and ambiguous as to the term "creditworthiness," and improperly assumes that credit scores are the sole or primary measure of the harm alleged. Plaintiff's allegations of harm to credit include, but are not limited to, false derogatory notations, reduced credit opportunities, heightened interest rates, reputational damage, and emotional distress, which are not fully or exclusively reflected in numeric credit scores.

**Fourth**, to the extent this Interrogatory seeks the disclosure of documents or data obtained from third-party credit reporting agencies, such information may be subject to limitations under the Fair Credit Reporting Act (FCRA), and Plaintiff reserves all rights and objections under that statute.

**RESPONSE:**  Subject to and without waiving the foregoing objections, Plaintiff will provide a general description of the nature of the credit harm alleged, including the presence of false tradelines, adverse actions taken by creditors, and other specific harms identified in the Complaint, at the appropriate time and in accordance with the Court's Scheduling Order and Rule 26(e).

Before this was reported I believe my credit score was around 720.  I do not know what it dropped to, but I understand that my credit score now is somewhere around 570.

**INTERROGATORY NO. 19**

Please identify the name(s) and addresses of all health care providers and mental

health professionals where you sought treatment from January 1, 2023 to present. Please include the name, address, and telephone numbers of your primary care physicians from January 1, 2023 to present.

**OBJECTION:** Plaintiff is not making a claim for any medical treatment. The emotional distress sought is garden variety emotional distress, not any medical diagnosis. See *Dochniak v. Dominium Management services, Inc.* 240 F.R.D. 451, 452 (D. Minn 2006). Objection overbroad, not intended to lead to the discovery of admissible evidence.

**RESPONSE:** I have not sought any medical treatment for the injuries claimed in this lawsuit.

## INTERROGATORY NO. 20

Please identify the name and contact information of the person at International Paper who spoke to IQ Data over the phone.

**RESPONSE**: Reginald Jones or Sam. At the time Plaintiff was on second shift and IQ Data spoke with someone on first shift, Mr. Jones. Plaintiff does not know the contact information of that person.

## INTERROGATORY NO. 21

Please identify the name and contact information of the person employed by who spoke to IQ Data over the phone.

**OBJECTION:** This interrogatory is unintelligible as drafted, confusing and does not specify "employed by."

**RESPONSE**: I did not initiate contact with IQ data, they contacted my employer, I then called them back and spoke with them.

- 18 -

**INTERROGATORY NO. 22**

Please identify the names and contact information (address, phone number, email address, and relationship to you, of people who have information to support your claim of "reputational harm."

**RESPONSE:**  I was made fun of by my co-workers for being broke by my supervisors (Sam and Reggie), to coworkers on my shift and other shifts.

Those persons include Mike (Last name unknown), Kamari (last name unknown), Edward, Heather, Woody and many of my co-workers who went by nicknames Vu and others whose names I do not know.

Dated: 05/23/2025 _____    SIGNED _____
Faith Stekly (May 23, 2025 20:18 CDT)

Plaintiff Faith Stekly

**AS TO FORM AND OBJECTIONS ONLY:**

Respectfully submitted,

Dated: May 25, 2025

**THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**

Samuel A. Savage, Esq.
Attorney I.D.# 0395638
900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423
savage@savagewestrick.com

***Attorneys for Plaintiff***

# 2025-05-23 STEKLY - Plaintiff's Answers to Interrogatories

Final Audit Report                                                      2025-05-24

| | |
|---|---|
| Created: | 2025-05-23 |
| By: | Peter Barry (pbarry@lawpoint.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFZLBNoqpZlhqimzYrDkuNOXaLXBkuDih |

## "2025-05-23 STEKLY - Plaintiff's Answers to Interrogatories" History

📄 Document created by Peter Barry (pbarry@lawpoint.com)
2025-05-23 - 11:20:19 PM GMT- IP address: 65.128.69.201

✉ Document emailed to faithelizs@icloud.com for signature
2025-05-23 - 11:20:26 PM GMT

📄 Email viewed by faithelizs@icloud.com
2025-05-24 - 1:17:53 AM GMT- IP address: 140.248.30.0

✍ Signer faithelizs@icloud.com entered name at signing as Faith Stekly
2025-05-24 - 1:18:35 AM GMT- IP address: 174.234.149.209

✍ Document e-signed by Faith Stekly (faithelizs@icloud.com)
Signature Date: 2025-05-24 - 1:18:37 AM GMT - Time Source: server- IP address: 174.234.149.209

✅ Agreement completed.
2025-05-24 - 1:18:37 AM GMT

THE BARRY LAW OFFICE, LTD
CONSUMER RIGHTS LAW
LAWPOINT.COM

Powered by
Adobe
Acrobat Sign