# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Faith Stekly,<br><br>    Plaintiff,<br><br>v.<br><br>IQ Data International, Inc. and Liberty Mutual Insurance Company,<br><br>    Defendants. | Case No.: 0:25-cv-216-ECT-DLM<br><br><br>**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT IQ DATA INTERNATIONAL, INC.** |

As and for Plaintiff's Responses to Defendant IQ Data International, Inc.'s first set of requests for production of documents ("Requests") to Plaintiff, Plaintiff states and alleges as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to these Requests to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, or any other applicable rules and statutes. Plaintiff will respond to each of the Requests in accordance with the requirements of the Federal and Local Rules.

2. Plaintiff objects to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege,

- 1 -

protection, or immunity will be provided. In the event of an inadvertent disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, this shall not constitute a waiver by Plaintiff of such protections.

4. In response to these Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

5. Plaintiff objects to these Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

6.  Plaintiff objects to any Requests that employs imprecise specifications of the information sought as vague and ambiguous.

7. Plaintiff objects generally to the definitions provided by Defendant and will respond only using the plain-English meanings of words and phrases used by Defendant in its Requests. Specifically, the terms "Plaintiff," "you, and "your" will be interpreted and used herein to mean the named Plaintiff.

8. Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9. The following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on Plaintiff's further discovery, or facts or circumstances that may come to Plaintiff's knowledge.  Plaintiff specifically reserves the right to further supplement, amend or otherwise revise these Responses to Defendant's

Requests in accordance with Fed. R. Civ. P. 26(e).

10. This set of discovery propounded by Defendant exceeds the permissible number of discovery devices permitted by the court's pretrial order in this matter because it uses devices that are variously compound, contain multiple subparts, are conjunctive and/or disjunctive in nature.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**

Please produce all documents identified, mentioned, reviewed, and relied upon in your responses, and in responding to, IQ Data's First Set of Interrogatories and any other party's interrogatories to you.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 2:**

Please produce all written communications and all recorded communications of any kind between: (a) you and any named defendant in this case (including IQ Data) and (b) you and any person or entity referenced in your Complaint.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 3:**

Please produce communications of any kind between you and any credit reporting bureau regarding the Debt.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 4:**

Please produce proof that IQ Data was reporting inaccurate information.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 5:**

Please produce all documents and communications related to the Debt alleged to be the basis of your claims, including, but not limited to, all leases, contracts, receipts, invoices, move out statements, complaints, emails, etc.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 6:**

If you are claiming damage to your credit worthiness, please produce copies of your credit reports and documents showing your credit scores from before the Debt was being reported to the present.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 7:**

Please produce all documents and communications that you specifically reference in your Complaint.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 8:**

If you are claiming you were denied housing because of IQ Data's actions, please produce all documents and communications exchanged with any entities you applied for credit, housing, or for a loan.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 9:**

Please produce all documents supporting your claim that you have suffered damages as a result of IQ Data's alleged conduct (including but not limited to receipts, medical bills, medical records, cell phone records and bills, bank records, credit reports, credit denial letters, etc.).

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 10:**

Please produce all documents concerning any and all arbitrations, mediations, bankruptcies, other lawsuits or petition filings in which you were a named party, either as a plaintiff or defendant, including any class action lawsuits in which you served as a representative plaintiff or class member.

**RESPONSE:**

a) Oaks Properties LLC v. Faith Stekly, 27-CO-23-6230. Plaintiff represented by Norman Bjornnes.

b) Oaks properties LLC v. Faith Stekly, 27-CV-24-1952. Plaintiff represented by Norman Bjornnes and John Mulligan

These documents, if any, are equally available online to Defendant at Minnesota Court Records Online (MCRO) at https://publicaccess.courts.state.mn.us/CaseSearch.

**REQUEST NO. 11:**

Please produce all documents concerning any allegation by any third person or entity that you have engaged in improper or illegal activity, including any arrests, misdemeanors involving dishonesty, or any felonies.

**RESPONSE:** Objection. Assumes facts not in evidence. Plaintiff has never been convicted of a crime. Notwithstanding and without waiving said objections, Plaintiff responds: None.

**REQUEST NO. 12:**

Please produce any and all documents you have received in response to a subpoena and any other information request for documents sent seeking information related to the allegations in your Complaint.

**RESPONSE:** Objection.  Assumes facts not in evidence.  Plaintiff has never received a subpoena. Notwithstanding and without waiving said objections, Plaintiff responds: None.

**REQUEST NO. 13:**

Please produce any and all documents which you intend to introduce at the trial of this action and in a deposition.

**OBJECTION:** Plaintiff objects to this Request on the ground that it is premature. The request seeks documents Plaintiff may use at trial or in depositions, but is made in advance of the Court's issuance of a pretrial scheduling order or discovery plan pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The timing and scope of Rule 26(a)(3) pretrial disclosures—including the identification and production of trial exhibits—are governed by such order and are not required at this stage of litigation.

Plaintiff further objects to this request to the extent it seeks the premature identification or production of deposition exhibits that have not yet been determined, particularly where no deposition schedule has been set and the scope of examination remains unknown.

Plaintiff also objects to the extent the request attempts to impose an obligation to marshal all evidence in advance of depositions or trial, which is not required under the

discovery rules and exceeds the scope of Rule 26(b)(1). The obligation to supplement under Rule 26(e) remains ongoing, and Plaintiff will comply with all disclosure obligations at the appropriate times designated by the Federal Rules and the Court's Scheduling Order.

**RESPONSE:**

Subject to and without waiving these objections, Plaintiff will timely identify and produce trial exhibits and deposition materials in accordance with Rule 26(a)(3) and the Court's pretrial deadlines when issued.

**REQUEST NO. 14:**

Please produce any and all expert reports in your possession related to the allegations in your Complaint and all communications exchanged between you and any expert you or your attorney communicated with about this case.

**OBJECTION:** Plaintiff objects to this Request on the ground that it is premature. The request seeks identification of experts Plaintiff may use at trial or in depositions, but is made in advance of the Court's issuance of a pretrial scheduling order or discovery plan pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The timing and scope of Rule 26(a)(3) pretrial disclosures—including the identification and production of trial experts—are governed by such order and are not required at this stage of litigation.

Plaintiff further objects to this request to the extent it seeks the premature identification expert identities that have not yet been determined, particularly where no deposition schedule has been set and the scope of examination remains unknown.

Plaintiff also objects to the extent the request attempts to impose an obligation to

marshal all evidence in advance of depositions or trial, which is not required under the discovery rules and exceeds the scope of Rule 26(b)(1). The obligation to supplement under Rule 26(e) remains ongoing, and Plaintiff will comply with all disclosure obligations at the appropriate times designated by the Federal Rules and the Court's Scheduling Order.

**RESPONSE:**

Subject to and without waiving these objections, Plaintiff will timely identify and produce trial experts in accordance with Rule 26(a)(3) and the Court's pretrial deadlines when issued.

**REQUEST NO. 15:**

Please produce all responses to written discovery requests and documents you produced to any other party in this case.

**RESPONSE**: None other than the Fed.R.Civ.P. 26(a)(1) disclosures, which were produced all parties which are already in the possession of the Defendant.

**REQUEST NO. 16:**

If you are claiming the Debt was now owed, please produce all documents and communications that prove the Debt was not owed.

**OBJECTION:** This request assumes facts not an evidence and is confusing and unintelligible. Plaintiff does not claim that the debt is owed and vehemently denies that she owes this debt. This request also seeks to impose a burden on Plaintiff to somehow disprove a negative when the Defendant has neither standing to pursue this debt nor the right to inquire about its legal status, given the fact that it is not the owner of the debt or the legal assignee.

- 9 -

This debt is the subject of pending potential litigation against the original creditor and Defendants continued attempts to collect this debt through this litigation, violate the FDCPA. Notwithstanding, and without waving the foregoing objections Plaintiff responds as follows:

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 17:**

Please produce any and all medical records that you intend to use to support a claim for actual damages.

**RESPONSE**: Objection. Plaintiff is not making a claim for any medical treatment.  The emotional distress sought is garden variety emotional distress, not any medical diagnosis. See *Dochniak v. Dominium Management services, Inc.* 240 F.R.D. 451, 452 (D. Minn 2006).  Objection overbroad, not intended to lead to the discovery of admissible evidence. I have not sought any medical treatment for the injuries claimed in this lawsuit.

**REQUEST NO. 18:**

Please produce copies of all documents demonstrating attorney's fees and costs associated with pursuing this case.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 19:**

- 10 -

Please produce copies of all email communications you exchanged with any person regarding the Debt.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 20:**

Please produce copies of all settlement agreements entered into with any other person or entity related to the allegations in the Complaint.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 21:**

Please produce copies of all documents you provided to your attorney in this case.

**OBJECTION:** Plaintiff objects to this request on the grounds that it seeks information protected by the attorney-client privilege and the work-product doctrine. Specifically, the request impermissibly seeks disclosure of all documents provided by Plaintiff to counsel in connection with this case, regardless of whether such documents were intended for legal advice or litigation strategy. The attorney-client privilege protects confidential communications made for the purpose of obtaining legal advice, and the work-product doctrine protects materials prepared in anticipation of litigation under Rule 26(b)(3). This request is therefore improper and not reasonably calculated to lead to the discovery of

- 11 -

admissible evidence. Plaintiff will not produce privileged materials in response to this request. Notwithstanding and without waiving the stated objections, Plaintiff responds as follows:

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 22:**

 Please produce copies of all lease agreements you signed to live in the Apartment.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 23:**

If you are claiming you suffered damage to your credit worthiness and/or that you were denied credit, please produce all documents and communications that demonstrate you would have been approved but for the IQ Data Account.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 24:**

Please produce all letters you sent and received from IQ Data.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff

expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 25:**

Please produce any and all documents which in any way relate to the facts alleged in the Complaint and documents that support the damages you are seeking to recover in this action which have not been previously requested herein.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 26:**

Please produce any and all text messages between you and your colleagues from International Paper regarding the allegations in your Amended Complaint.

**RESPONSE:** See attached Bates Stamped Documents. Discovery is ongoing, and Plaintiff expressly reserves the right to supplement this response as additional evidence becomes available, including up to and through the time of trial.

**REQUEST NO. 27:**

Please produce proof that IQ Data called International Paper after you asked IQ Data to stop calling.

**OBJECTION:** Plaintiff objects to this Request to the extent it seeks documents not in her possession, custody, or control, including but not limited to the internal call records of Defendant I.Q. Data International, Inc. or the inbound call logs of her employer, International

- 13 -

Paper. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:

**RESPONSE:**

Plaintiff does not possess recordings, call logs, or other direct documentary evidence confirming the specific date and time of each call made by Defendant to her employer following her express request that such calls cease. However, Plaintiff's supervisors told her that they had received such calls evidencing Defendant's improper workplace contacts and Plaintiff's demand that such calls stop.

To the extent Defendant contends that no such calls occurred after the cease request, Plaintiff notes that Defendant is in exclusive possession of its own outbound call records, telephone system logs, and account activity notes reflecting any such communications. Plaintiff has demanded preservation and production of such evidence, and any failure to produce responsive records should be treated as spoliation.

**REQUEST NO. 28:**

Please produce a copy of your personnel file with International Paper.

**RESPONSE**:  None.

**AS TO FORM AND OBJECTIONS ONLY:**

Respectfully submitted,

Dated: May 23, 2025                    **THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577

- 14 -

- 15 -

1422 Asbury Street
St. Paul, MN 55108-2434
Telephone:  (612) 379-8800
pbarry@lawpoint.com

**SAVAGE-WESTRICK, PLLP**

Samuel A. Savage, Esq.
Attorney I.D.# 0395638
900 American Blvd. East, Suite. 241
Bloomington, MN 55420
Telephone: (651) 292-9603
Fax: (651) 395-7423
savage@savagewestrick.com

*Attorneys for Plaintiff*