**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Faith Stekly,

               Plaintiff,

v.

IQ Data International, Inc., and
Liberty Mutual Insurance Company,

               Defendant.

Case No.: 0:25-cv-00216-ECT-DLM

**IQ DATA INTERNATIONAL, INC.'S**
**OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SANCTIONS**

---

Defendant, I.Q. Data International, Inc. ("Defendant" or "IQ Data"), submits this memorandum in opposition to Plaintiff's Motion for Sanctions and states as follows:

## I.    INTRODUCTION

In short, on September 17, 2025, IQ Data's counsel inadvertently filed documents that Plaintiff designated as "Confidential" pursuant to the Protective Order filed in this case in support of its Opposition to Plaintiff's Motion for Protective Order. *See* Doc. 94-2. Prior to filing these exhibits, counsel believed that the "Confidential" documents portion of the PDF had been deleted so that only Plaintiff's Responses to the Requests for Production – which are not designated as "Confidential" - were part of the Exhibit to be filed. Upon notice from Plaintiff's counsel of the issue around 7:00 p.m., counsel for IQ Data acted immediately, sending the Court an email around 8:09 p.m. on September 17, 2025 about the issue, and working to remove the filings from ECF with the PACER help desk as soon as the phone line opened at 8:00 a.m. on September 18, 2025. Plaintiff's counsel's motion

1

for sanctions for this inadvertent filing error should be denied, as the filing was an inadvertent mistake and immediate steps were taken to address the matter.

## II.     STATEMENT OF MATERIAL FACTS

On September 17, 2025, IQ Data filed its Response in Opposition to Plaintiff's Motion for Protective Order. *See* Doc. No. 94. Attached to IQ Data's Response were two exhibits: Exhibit A, Plaintiff's Answers to IQ Data's Interrogatories; and Exhibit B, Plaintiff's Responses to IQ Data's Requests for Production. *See* Doc. No. 94-1, 94-2. Plaintiff's responses to the Interrogatories included the last four digits of Plaintiff's SSN and her DOB. Plaintiff's written discovery responses themselves are not designated as "Confidential." *See* Doc. 94-2. However, inadvertently attached and filed to Exhibit B – Plaintiff's responses to Document Requests – was Plaintiff's corresponding document production, which is designated as "Confidential."

Counsel for Plaintiff called counsel for IQ Data around 7:00 p.m. on September 17, the date of the filing, and the parties met and conferred via telephone to discuss the issue. *See* Decl., ¶ 9-11. Following this phone call, counsel for IQ Data emailed this Court, with Plaintiff's counsel included on the message, alerting the Court about the matter. *Id.*, ¶ 12. After the meet and confer, Plaintiff's counsel immediately filed a motion for sanctions. *See* Doc. 97.

The next morning, at 8:00 a.m., undersigned counsel's office contacted the Court's ECF Help Desk to request removal of the documents inadvertently filed in error. *See* Decl., ¶ 13. The exhibits were marked "filed in error" and given restricted access. *See* Decl., ¶ 14. Counsel for IQ Data confirmed the documents were not publicly accessible via PACER.

*See* Doc. 94-1-94-2. For reference, the Redacted Interrogatory Responses and Requests for Production Response are now filed as Doc.100-1-100-2.

### III.    ARGUMENT

In the Eighth Circuit, sound authority must support a sanction, and the manner in which the sanction is imposed must be consistent with its purpose. *See Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 439 n. 10 (8th Cir.1994); *see also* Federal Judicial Center, *Manual for Complex Litigation* § 10.155 (4th ed. 2008). District courts have "a large measure of discretion in deciding what sanctions are appropriate for misconduct," if any. *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. CIV. 09-1091JNE/JSM, 2013 WL 449775, at *16 (D. Minn. Jan. 8, 2013). Any sanction imposed by the district court "must be proportionate to the litigant's transgression." *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). Any sanctions imposed pursuant to the court's inherent power are only permitted where "a litigant **acted in bad faith, vexatiously, wantonly, or for oppressive reasons**." *Mgmt. Registry, Inc. v. A.W. Cos, Inc.*, No. 17-CV-5009 (JRT/KMM), 2020 WL 1910589, at *20 (D. Minn. Apr. 20, 2020) (emphasis added).

In this case, IQ Data and its counsel did not act in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* A filing was inadvertently made in error. The moment IQ Data became aware of the error, IQ Data's counsel took immediate steps to remedy the issue. IQ Data's filing of this exhibit was an administrative oversight that was addressed as thoroughly as possible after hours on September 17th, and immediately upon the ECF phone lines opening at 8:00 a.m. the following morning of September 18th.

Inadvertent filings of unredacted documents by an opposing party do not rise to the level of sanctions within the Eighth Circuit. *See Nunes v. Lizza*, No. 20-CV-04003-CJW, 2021 WL 7186283, at \*3 (N.D. Iowa Nov. 2, 2021) In *Nunes*, the Court held that a defendant's redaction error in filing confidential portions of a deposition transcript inadvertently was not predjudicial against the plaintiff, warranting no sanctions for an indavertent violation of the protective order in place. *Id.* Furthermore, the *Nunes* court did not award Plaintiff attorney's fees, relying on Rule 37, which holds that attorney's fees are not available when the violation "was substantially justified or other circumstances make an award of expenses unjust." *Id.*; Fed. R. Civ. P. 37(b)(2)(C). The same reasoning applied by the *Nunes* Court should be applied here, as IQ Data's filing of confidential information was inadvertent and upon being notified of the issue, IQ Data informed Plaintiff's counsel of the several steps that would be taken to ensure the documents were removed as soon as possible. There is simply no basis to conclude this inadvertent filing was done in bad faith, vexatiously, wantonly, or for oppressive reasons, particularly in light of the immediate response and action undertaken by IQ Data's counsel to rectify the issue.

Further, to the extent relevant, IQ Data's counsel has instituted additional internal processes for this case to ensure this type of error does not happen again.

## IV.    CONCLUSION

Based on the foregoing, IQ Data respectfully requests that the Court deny Plaintiff's motion for sanctions.

4

5

GORDON REES SCULLY MANSUKHANI, LLP

Dated:   September 24, 2025          /s/ Suzanne L. Jones

Suzanne L. Jones (#389345)
80 South 8th Street, Suite 3850
Minneapolis, MN  55402
P:  612-351-5969
sljones@grsm.com
**Counsel for Defendant IQ Data Int'l., Inc.**

5